# LITTLE ROCK TRUST COMPANY v. SOUTHERN MISSOURI & ARKANSAS RAILROAD COMPANY, IRVING DITTENHOEFFER et al., Appellants.

### Division One, April 20, 1906.

1. **APPEAL: Jurisdiction: Shown by Record.** It is immaterial whether the record proper shows that a motion to set aside the judgment on the ground that no service of process was ever had on defendant was filed in the trial court, or if filed was filed out of time, for the sufficiency or insufficiency of the service is apparent from the record proper, and goes to the question of jurisdiction, and need not be raised in the trial court.

2. **JURISDICTION: No Service: Motion to Set Aside Judgment: Plea to Merits: Waiver.** The defendant does not waive any defects or imperfection in the matter of service of the writ of summons, by coupling with his plea to the jurisdiction in his motion to set aside the judgment a plea that the petition did not state a cause of action. Besides, in this case it is held that the motion did not contain any plea to the merits, but all its statements amounted simply to a plea to the jurisdiction on the ground that there had been no service of process.

3. ——: ——: **Contractor's Lien: Judgment in Rem.** The owner of the *res* is entitled to notice before his property can be subjected to a lien or taken from him. Without notice and a day in court to the owner of the *res*, no judgment *in rem* is valid, for such a judgment would not constitute due process of law.

4. ——: ——: **Misnomer: Contractor's Lien.** Service upon one who is not made a party to the suit and who is not shown to have any connection with the subject-matter of the suit, is not sufficient to bring into court one who is made a party to the suit and who is alleged to be the owner of the *res* sought to be subjected to a lien. Cases holding that where a party has been sued under a wrong name but the summons has been served upon the right party the service of the summons is sufficient, have no application in such case, for the question is not one of misnomer.

5. **JUDGMENT IN REM: Motion to Set Aside: By Party Not Served.** A defendant against whom a judgment was rendered establishing a lien on his property, although never notified of the proceeding or brought into court, has the right to come into court and move to set the judgment aside, and limit his

appearance for the purpose of denying the jurisdiction of the court over him, and if that motion is overruled, to an appeal.

6. **APPEAL: Reversal: Effect as to Non-Appealing Defendants.** A judgment is an entirety, and if reversed as to an appellant who was not served with process it is reversed as to all defendants, whether the others appealed or not. Besides, in this case the abstract shows that the appeal was taken by all the defendants.

7. **JUDGMENT IN REM: No Summons.** A court can enter no judgment affecting the property of a defendant unless the defendant has been brought into court and given a day in court.

8. **JURISDICTION: Corporation: Insufficient Service.** A service, in a contractor's lien case, upon the local station agent of a railroad company, "at the office of said company, the president or other officers being absent from the county," is not sufficient to bring the company into court.

9. ————: ————: ————: **Amendment Without Notice.** And the defect of said service is not cured by a showing that since the cause was submitted in the appellate court the sheriff, without notice to defendant, filed an amended return which shows that the service was had on the agent of the company at its place of business. A sheriff has no absolute right to amend a return. The amendment rests in the sound judicial discretion of the court, and the party affected by the amendment has a right to a day in court before the court has the right to permit the amendment.

10. ————: **Contractor's Lien: Judgment Against Company Operating the Road: No Allegation.** A judgment *in rem* in favor of the contractor who constructed the roadbed against a defendant company which was operating the road, which was served with process, but which was not made a party to the suit, the petition containing no allegation that it owned the *res* or was operating the road, and containing no allegation that it was in anywise connected with the subject-matter of the litigation, cannot stand.

11. **LIENS: Assignment.** The statute authorizes any person or any number of different persons who have filed separate liens to assign them to each other or to any other person and permits the assignee to maintain an action for all of them in one proceeding.

Appeal from Butler Circuit Court.—*Hon. J. L. Fort,* Judge.

REVERSED AND REMANDED.

*L. F. Parker, W. J. Orr* and *James Orchard* for aplants.

(1)   The St. Louis, Memphis & Southeastern Railroad Company not having been a party to this case on the petition, the pretended service of summons upon it was a nullity, and the judgment against it upon such pretended service was void.   1 Black on Judgments (2 Ed.), secs. 219, 84, 183; Ford v. Doyle, 37 Cal. 346; White v. Johnson, 50 Am. St. 726; Thompson v. Allen, 86 Mo. 85; Blodgett v. Schaffer, 94 Mo. 653; Brown v. Railroad, 72 Mo. 567; Enewold v. Olsen, 42 Am. St. 557; Neal-Miller Co. v. Owens, 42 S. W. 266; Green v. Maxelbaum, 42 S. W. 266; Railroad v. Block, 19 S. W. 300; Cheatham ex parte, 44 Am. Dec. 524; Bates v. Bank, 46 Am. Dec. 299.   (2)   The St. Louis, Memphis & Southeastern Railroad Company not having been named as a party defendant in the summons, the pretended service of the summons upon it was a nullity and the judgment rendered thereupon was void. Sec. 994, R. S. 1899; Blodgett v. Schaffer, 94 Mo. 653; Enewold v. Olsen, 42 Am. St. 567; Neal-Miller Co. v. Owens, 42 S. W. 266; Green v. Maxelbaum, 42 S. W. 266; Railroad v. Block, 19 S. W. 300; Cheatham ex parte, 44 Am. Dec. 524; Bates v. Bank, 46 Am. Dec. 292; McClasky v. Barr, 45 Fed. 151.   (3)   The Southern Missouri & Arkansas Railroad Company not having been served with summons, the judgment against it was void.   Sec. 995, R. S. 1899; Blodgett v. Schaffer, 94 Mo. 653; Bates v. Bank, 46 Am. Dec. 299; McClasky v. Barr, 45 Fed. 151; 1 Black on Judgments (2 Ed.), sec. 220.   (4)   The owner of a railroad is a necessary party defendant where a judgment is rendered enforcing a lien against a railroad.   Lyons v. Carter, 84 Mo. App. 483.   (5)   The pretended service of summons in this case did not comply with section 995, Revised Statutes 1899.   Haley v. Railroad, 80 Mo. 112; Gamasche v. Smythe, 60 Mo. App. 160.   (6)   In order to

enforce the lien claimed in this case a strict compliance with the statute was essential. Railroad v. Hoereth, 144 Mo. 148; Freeman on Judgments (3 Ed.), sec. 127. (7) The recital of a judgment that defendant was duly served with summons may be contradicted in a collateral proceeding by showing from the return itself that a legal service was not made. Laney v. Garbee, 105 Mo. 354. (8) Every fact necessary to confer jurisdiction on a court to hear and determine a cause must affirmatively appear in the record of its proceedings. Laney v. Garbee, 105 Mo. 355; Inhabitants v. Pierce City, 86 Mo. 357; Vickery v. Railroad, 93 Mo. App. 6. (9) There was no authority of law for James T. McCarthy to assign his claim to a lien in this proceeding to the Little Rock Trust Company. Sec. 4256, R. S. 1899; 3 Elliott on Railroads, sec. 1073.

*Barclay, Shields & Fauntleroy* for respondent.

(1) The court should dismiss the appeal. (a) The pending appeal was taken only by the Southern Missouri & Arkansas Railroad Company. That appeal was taken before the motion by that company to set aside judgment had been overruled. A judgment is not final during the pendency of a motion to set it aside. An appeal taken while a motion for new trial or motion to set aside a judgment is pending is premature and should be dismissed. Thomas v. Thomas, 64 Mo. 353; Walter v. Schofield, 167 Mo. 545; State v. Burns, 66 Mo. 227; Scott v. Scott, 44 Mo. App. 604; Riddelsbarger v. McDaniel, 38 Mo. 140. (b) The judgment is a lien against the railroad property only of the St. Louis, Memphis & Southeastern Railroad Company, on whom the service of process was made. The recital in the opening lines of the judgment limits the effect thereof to the interest or estate of that company. There is no judgment of any sort against the Southern Missouri & Arkansas Railroad Company by which it can be con-

sidered "aggrieved," in contemplation of law; hence, there is no judgment as to that company from which an appeal would lie. R. S. 1899, sec. 806. (c) The entry of record allows an appeal only to the Southern Missouri & Arkansas Railroad Company, and hence the Supreme Court has no jurisdiction to review any contention of counsel for the St. Louis, Memphis & Southeastern Railroad on the appeal of the other company. Swank v. Swank, 85 Mo. 198; Giesing v. Schowengerdt, 24 Mo. App. 556; Newman v. Biggs, 78 Mo. 675; Waddell v. Blackiston, 59 Mo. 120. (d) The appellants' abstract fails to show that the appeal was taken at the same term as that of the judgment, which is essential. R. S. 1899, sec. 808. (2) Appellants' abstract does not recite any entry in the record proper, showing filing of motion for new trial at the same term as that in which the finding or judgment was rendered. State v. Sanford, 181 Mo. 134; Griffin v. Railroad, 85 S. W. 111; Greenwood v. Parlin Co., 98 Mo. App. 407; Bailey v. McWilliams, 85 S. W. 618. (3) Appellants' abstract fails to show, by any entry in the record proper, when the motion for new trial was overruled; that date appears from the additional abstract of respondent to have been in June, 1904, long after the appeal taken (which was June 19, 1903), by the Southern Missouri & Arkansas Railroad Company, the only appellant. Ricketts v. Hart, 150 Mo. 68. (4) The appeal is groundless. The statute permitting the establishment of a lien against railroad property permits such a lien to be enforced against "any person or corporation owning or operating the railroad to which such liens may apply." R. S. 1899, sec. 4245. The same section declares that "it shall not be necessary to make the party with whom the contract was made for doing the work and labor, or for furnishing of material, a party defendant in such suit." The same law on this subject permits a judgment of lien against the railroad property

195 Sup.—43

in possession of the "person owning or operating the railroad" (sec. 4245) and in those cases "no personal judgment shall be rendered," where the owner or operator of the road was not the primary debtor. R. S. 1899, sec. 4247; Bethune case, 149 Mo. 602; Sween v. Railroad, 85 Mo. App. 87; Williams v. Railroad, 112 Mo. 463. (5) If the company in possession of the railroad was sued by one name and served with process by another name, the service would be good as against the company actually served, as in case of individuals. Hunter v. Bank, 158 Mo. 262; Parry v. Woodson, 33 Mo. 347; Green v. Lodge, 79 Mo. App. 182. Even where plaintiff sues by a wrong name, defendant duly served is bound by the judgment. Kronski v. Railroad, 77 Mo. App. 370. (6) Misnomer is unavailing as a defense by a party actually served, in a case like this, where the judgment is, "more properly speaking, against (the) property." Hunter v. Bank, 158 Mo. 271; Turner v. Gregory, 151 Mo. 103. (7) The St. Louis, Memphis & Southeastern Railroad was made a party when its own counsel filed motions with its name in the captions and appeared to object to the sufficiency of the petition as matter of law. That form of objection amounted to a general appearance. 2 Ency. Pl. and Pr., 625; Grantier v. Rosecrance, 27 Wis. 489; Fee v. Iron Co., 13 Ohio St. 563; Gans v. Beasley, 59 N. W. 714; Pry v. Railroad, 73 Mo. 127. (8) The last-named (St. L., M. & S. E.) company has no standing in the Supreme Court on the appeal of the Southern Missouri & Arkansas railroad, which alone appealed. There is no record order allowing an appeal to the St. Louis, Memphis & Southeastern Railroad Company. Whatever ruling may be made as to the real appellant, there should be no disturbance of the judgment as to the St. Louis, Memphis & Southeastern railroad. If there is any reversible error affecting the other company, that should not disturb the judgment as to the Memphis company, under the Missouri decisions which do not

treat a judgment as an entirety. Neenan v. St. Joseph, 126 Mo. 89; Bensieck v. Cook, 110 Mo. 183; R. S. 1899, sec. 865. (9) Appellants cannot complain of a mere defect of parties when that point was not raised by answer. R. S. 1899, sec. 602. (10) A claim in the nature of a mechanic's lien is assignable and carries the lien (after it has been filed, as in this case) without any express statutory language authorizing such assignment. Goff v. Papin, 34 Mo. 177; Jones v. Hurst, 67 Mo. 572. Section 4256 (R. S. 1899) was intended to enlarge (not to limit) the right of assignment by allowing one person to become assignee, and to enforce the separate lien claims of "two or more persons" in one suit. Ittner v. Hughes, 154 Mo. 66; O'Connor v. Railroad, 111 Mo. 192. In the absence of such a statute as section 4256, that could not be done. Dugan v. Higgs, 43 Mo. App. 161. (11) The service on the St. Louis, Memphis & Southeastern railroad was good and sufficient to charge its interest and estate in the railroad property under the lien law above cited. R. S. 1899, secs. 995, 4245; Davis v. Railroad, 126 Mo. 69; Bethune case, 149 Mo. 587. (12) Any formal defect in the names of parties, or of the proper description thereof, in the caption of any pleadings or elsewhere in the record, may be amended, if necessary, where the facts appear beyond dispute, as in this case. R. S. 1899, secs. 660, 672, 673, 865. (13) The appeal taken herein (which was not limited by its terms or by the affidavit therefor) amounted to an appearance by the appellant. Fitterling v. Railroad, 79 Mo. 504; Gantt v. Railroad, 79 Mo. 502; Allen v. Brown, 4 Metc. (Ky.) 341. (14) The name of the Southern Missouri & Arkansas Railroad Company might be stricken out in this court (if it had a valid appeal) without prejudice to the lien against the interest and estate of the other railroad duly served. Such amendments may be made in the Supreme Court, as well as in the circuit court. R. S. 1899, sec. 673; Weil v. Simmons, 66 Mo. 617;

Darrier v. Darrier, 58 Mo. 233; Cruchon v. Brown, 57
Mo. 38; Sawyer v. Railroad, 156 Mo. 468; City v. Ber-
noudy, 43 Mo. 555; Young v. Glascock, 79 Mo. 574;
Price v. Hallett, 138 Mo. 574; Moberly v. Hogan, 131
Mo. 19; Hunter v. Bank, 158 Mo. 271; Powell v. Rail-
road, 84 N. Y. Supp. 339; Rowland v. Spauls, 21 N. Y.
Supp. 859, affirmed in 66 Hun 635. And such amend-
ments may be treated as made without going through
the useless and barren form of writing in the amend-
ment on a piece of paper. Merrill v. City, 83 Mo. 250;
Underwood v. Bishop, 67 Mo. 374; McGregor v. Mc-
Gregor, 21 Iowa 441.

MARSHALL, J.—This is an action to establish
a railroad lien, under the provisions of article 4, chap-
ter 47, Revised Statutes 1899, for $11,990.43, and inter-
est, on the property and roadbed of the Southern Mis-
souri & Arkansas Railroad Company.

The petition named Irving M. Dittenhoeffer and
the Southern Missouri & Arkansas Railroad Company
as the defendants, and then charged the incorporation
of the plaintiff under the laws of Arkansas, and of the
defendant railroad company under the laws of the State
of Missouri, and alleged that the railroad company
owned and operated a railroad in the State of Missouri
between Poplar Bluff, in the county of Butler, thence
through said county to the dividing line between the
States of Missouri and Arkansas; that the defendant
Dittenhoeffer was a non-resident of the State of Mis-
souri and resided in the State of New York; that at the
times mentioned in the petition the railroad company
was engaged in constructing said road; that the rail-
road was being constructed under contract in writing
between one J. H. McCarthy and the defendant Ditten-
hoeffer, but that the work was being done for the de-
fendant company and that Dittenhoeffer was simply
acting as agent and trustee of the company, and Mc-
Carthy was the contractor or subcontractor and con-

structed the road and the railroad company accept-
ed it; that McCarthy did the work and furnished
materials in and about said construction of the ag-
gregate value of $36,354.58, and received on account
thereof the sum of $24,364.05, leaving a balance due
him of $11,990.43; that the work and materials were
reasonably worth the prices charged; and, that, within
ninety days after the completion of the work, to-wit,
in September, 1902, said McCarthy filed a lien against
the road therefor in the office of the clerk of the circuit
court of Butler county and caused a copy thereof to be
filed in the office of the Secretary of State; that there-
after and before the institution of this suit McCarthy
assigned his claim and lien to the plaintiff, and judg-
ment was prayed against Dittenhoeffer, personally, and
for a lien against the roadbed and property of the
Southern Missouri & Arkansas Railroad Company in
the State of Missouri.

On the 4th of December, 1902, a summons was reg-
ularly issued and directed to said Dittenhoeffer and the
Southern Missouri & Arkansas Railroad Company, re-
quiring them to appear at the next term of court, to be
held on the first Monday in February, 1903.   The
sheriff's return on said summons was as follows:

"Executed the within writ in the county of Butler,
and State of Missouri, on the 5th day of December, 1902,
by delivering a copy of this writ and petition to J. A.
Busby, local station agent of the St. Louis, Memphis &
Southeastern Ry. Co., at the office of said company, the
president and other officers being absent from the
county.            HENRY TURNER, sheriff.

                   Butler County, Missouri.
"I. M. Dittenhoeffer not found in my county.
                   "HENRY TURNER, sheriff."

Nothing was said in the sheriff's return about the
Southern Missouri & Arkansas Railroad Company.
Neither was any attempt made otherwise to bring in the
Southern Missouri & Arkansas Railroad Company or

said Dittenhoeffer. Neither those two defendants nor the St. Louis, Memphis & Southeastern Railway Company appeared in any manner whatever prior to the judgment.

On the 8th of June, 1903, the plaintiff dismissed the suit as to Dittenhoeffer.

On the 11th of June, 1903, the case was called for trial and judgment entered as follows:

"Little Rock Trust Company, Plaintiff,

vs.

Southern Missouri & Arkansas Railroad Company, a corporation, Defendant.

"Now comes plaintiff, by its attorneys, but, 'the St. Louis, Memphis & Southeastern Railroad Company,' which was personally served with a copy of the petition and personally summoned to answer this action, comes not, but makes default, wherefore on motion of plaintiff by its attorneys, the petition herein is taken as confessed against the St. Louis, Memphis & Southeastern Railroad Company."

The judgment then recites that the plaintiff, by its attorneys, waived a jury and submitted the cause to the court upon the pleadings and proofs adduced, and the court found that the railroad of the Southern Missouri & Arkansas Railroad Company was constructed under a contract in writing between J. H. McCarthy and one Irving M. Dittenhoeffer; that all work thereunder was done for the benefit of said company and in the necessary construction of said railroad, and that within ninety days after the completion of the work J. H. McCarthy filed a railroad lien for the work and labor done and materials furnished, as required by statute, in the office of the clerk of the circuit court, and thereafter, on the 6th of September, 1902, filed a true copy of the account and lien in the office of the Secretary of State; that thereafter, prior to the filing of this suit, McCarthy, for value, assigned his claim to the plaintiff,

and that the plaintiff is now the owner thereof, and there remains due the sum of $11,990.43 with interest from September 6, 1902; and that the plaintiff had established and is entitled to a lien for said sum of $11,990.43 and interest "upon said roadbed, station-houses, depots, bridges, rolling stock, real estate and improvements of the Southern Missouri & Arkansas Railroad Company," as the same was located and constructed and existed from November 1, 1901, up to and after June 18, 1902, between Poplar Bluff, in the State of Missouri, thence through the county of Butler, in said State, to the dividing line of Missouri and Arkansas, and the intersection thereat of the railroad of the Southern Missouri & Arkansas Railroad Company in Arkansas at said State line; the court then entered judgment for the plaintiff for $12,539.99 and costs, "which said sum the court doth hereby charge as a special lien against the property first above described, and that said lien be in force against said property, and that a special *fieri facias* issue in conformity herewith."

On the same day, to-wit, 11th of June, 1903, during the same term of court, the Southern Missouri & Arkansas Railroad Company and the St. Louis, Memphis & Southeastern Railroad Company filed a motion to set aside the judgment, expressly limiting their appearance for the purposes of the motion and saving to themselves the right to question all defects in the proceedings had in the case, upon the following grounds:

"First. The judgment is improper, irregular and erroneous, and unauthorized as against the property of the Southern Missouri & Arkansas Railroad Company, because no service was had upon it of any writ or process in this case.

"Second. Because the judgment is erroneous, irregular and unauthorized for the reason that the St. Louis, Memphis & Southeastern Railroad Company is not sued in this action, was not made a party defendant in this cause, and no service was had upon it of any

writ or process commanding it to appear and defend any cause wherein this plaintiff is a party.

"Third. Because the court was without jurisdiction over the person of the Southern Missouri & Arkansas Railroad Company and was without jurisdiction of the St. Louis, Memphis & Southeastern Railroad Company because no petition was filed herein against it, and no cause of action stated herein against it."

The appellant's abstract of the record shows that the bill of exceptions recited that said motion was filed and overruled on the 11th of June, 1903.

On the 19th of June, 1903, an affidavit for an appeal was filed, entitled as follows:

"Little Rock Trust Company, Plaintiff,

vs.

Irving M. Dittenhoeffer, Southern Missouri & Arkansas Railroad Co., and St. Louis, Memphis & Southeastern Railroad Co., Appellants."

Which affidavit was as follows:

"Frank E. Burroughs, being duly sworn, makes oath and says that he is attorney for defts. Railroad Companies, and that the appeal prayed for in the above entitled cause is not made for vexation or delay, but because affiant believes that the appellants are aggrieved by the judgment of the court.    FRANK E. BURROUGHS,

"For St. L. M. & S. E. and S. M. & A. R. R.," and was duly sworn to.

The respondent's abstract of the record then shows the order allowing the appeal as follows:

"Friday, June 19, 1903.

"Little Rock Trust Company, Plaintiff,

vs.

Southern Missouri & Arkansas Ry. Co., Defendant.

"Now at this time comes the said defendant, by its attorneys, and files its application and affidavit for an appeal herein, and said application is by the court sustained and the appeal is granted to the Supreme Court

of the State of Missouri; defendant's appeal bond is by the court fixed at $5,000; said bond is now filed and approved by the court, and the defendant is given sixty days from this date to perfect and file its bill of exceptions in this cause.''

The appellant's abstract of the record shows that the bill of exceptions was signed on the 23rd of June, 1903, and filed for record on the 26th of June, 1903.

The respondent's abstract of the record shows that there was no entry of record overruling the motion to set aside the judgment prior to June 20, 1904, which was about a year after the appeal was allowed, and that said entry of record reads as follows: ''June 20, 1904, motion to set aside judgment overruled.''

It is also true that none of the abstracts of record show any entry of the record proper of the filing of the motion to set aside the judgment.

The appellant's abstract of the record shows, however, that the bill of exceptions recited that the motion to set aside the judgment was filed on the 11th of June, 1903, and was overruled on the same day.

The respondent's abstract of the record sets out an amended sheriff's return, showing that the writ and petition were served on the local station agent of the St. Louis, Memphis & Southeastern Railroad Company at the business office of said company. The respondent's abstract does not state when the amended return of the sheriff was made. The appellant's amended abstract shows, however, that such amended return of the sheriff was made on the 9th day of February, 1906, which was after this case had been submitted to this court, and that the amendment was made without any notice to any of the defendants or to any of the parties now before this court.

## I.

The first question presented for adjudication is the respondent's contention that the appeal herein was prematurely taken.

The point of this contention is that the appeal was allowed on the 19th of June, 1903, and that the motion to set aside the judgment appears from the record entry to have been overruled on the 20th of June, 1904. The abstracts of record, however, fail to show any record entry of the filing of any such motion. It is immaterial, however, whether this is true or not, for the matters herein complained of are apparent on the face of the record proper and are therefore open to review by this court even if they were never raised or passed upon by the trial court, for they go to the question of the jurisdiction of that court over the persons of the defendants and over the *res,* and as the defendants never appeared in the cause they have not waived that point. It was not necessary for the defendants to raise any such questions in the trial court before bringing this cause to this court.

## II.

The next preliminary matter presented for adjudication is the respondent's contention that by filing the motion to set aside the judgment, the defendant railway companies waived all defects or imperfections in the matter of service of the writ of summons, and that notwithstanding the motion to set aside the judgment expressed to be a limited appearance, it amounted in law to a general appearance, because it was contended in the motion that the petition did not state a cause of action, which went to the merits. And in support of this contention counsel refer to and quote from the case of Grantier v. Rosecrance, 27 Wis. 491. This contention is untenable under the practice in this State. Section 605, Revised Statutes 1899, provides as follows:

"The defendant may set forth by answer as many defenses and counterclaims as he may have, whether they be such as have been heretofore denominated legal or equitable, or both."

The rule of law in this State is that the statute con-

templates but one answer, and it may set up matter in abatement and matter in bar at the same time. [Cohn v. Lehman, 93 Mo. 574; State ex inf. v. Vallins, 140 Mo. l. c. 536; Kenner v. Doe Run Lead Co., 141 Mo. l. c. 251; Meyer v. Insurance Co., 184 Mo. l. c. 487.]

In the last case cited it was said:

"It is proper here to say, however, that under the present practice in this State a defendant can unite in the same pleading a plea to the jurisdiction, as to the person as well as to the subject-matter, with a plea to the merits, and that he does not thereby waive the question of jurisdiction of the court. [Citing cases.] Consent cannot confer jurisdiction of the subject-matter and that objection may be made at any time during the progress of the case, or even afterwards if the record discloses such want of jurisdiction. But consent can confer jurisdiction of the person, and where a defendant fails to make timely objection to the jurisdiction as to his person, he waives that objection. . . . . Under the Code a defendant must make all his defenses in the same answer, whether such defenses be such as have heretofore been denominated dilatory, in abatement, or in bar. [Ziefle v. Seid, 137 Mo. l.c. 542.]"

In addition to this, however, the respondent misapprehends the scope of the third ground of the motion to set aside the judgment. That ground does not challenge the petition except so far as to claim that the court acquired no jurisdiction under the allegations of the petition over the person of the St. Louis, Memphis & Southeastern Railroad Company, and acquired no jurisdiction over the person of the Southern Missouri & Arkansas Railroad Company, because it had never been served with process or brought into court. The point of that objection is that whilst the Southern Missouri & Arkansas Railroad Company was made a party defendant in the action, it was never brought into court in any manner whatever; and that whilst the summons that was directed to Dittenhoeffer and the Southern

Missouri & Arkansas Railroad Company was served on the St. Louis, Memphis & Southeastern Railroad Company, the latter company was not made a party to the action, and was, therefore, not required to come into court to defend an action brought against Dittenhoeffer and the Southern Missouri & Arkansas Railroad Company and not against it.

## III.

Respondent next claims that it was not necessary to make the St. Louis, Memphis & Southeastern Railroad Company a party defendant, because the proceeding is *in rem,* and no personal judgment could be rendered or was rendered against that company. This contention is predicated upon section 4245, Revised Statutes 1899, relating to liens against railroads. That section provides as follows:

"Any person or corporation owning or operating the railroad to which said liens may apply shall, in each instance, be made a party defendant in all suits for enforcing said liens; but it shall not be necessary to make the party with whom the contract was made for doing the work and labor, or for furnishing of material, a party defendant in such suit; but such party or parties may, at the option of the plaintiff, be made parties defendant, in which case process may be awarded and served as other writs of summons in any county in this State."

The next section of the statutes (4246), provides that "the pleadings, practice, process and other proceedings in cases arising under this article shall be the same as in ordinary civil actions and civil proceedings in circuit courts, except as herein otherwise provided."

Section 4248 provides: "Judgment by default shall be rendered against every defendant who, after being summoned or notified according to law, shall not appear and plead or answer within the time allowed in ordinary civil actions."

Respondent further claims that it is immaterial

what becomes of this suit so far as the Southern Missouri & Arkansas Railroad Company, which was not served or brought into court, is concerned, for the reason that no judgment was rendered against it.

It will be observed that the suit against Dittenhoeffer, whether he be regarded as the mere agent or trustee in whose name the contract was made on behalf of the Southern Missouri & Arkansas Railroad Company, or as the principal contractor, had been dismissed.

The logic of this contention, therefore, leads to this conclusion: it was not necessary, under the statute, to make the general contractor, Dittenhoeffer, a party defendant; it was not necessary that the Southern Missouri & Arkansas Railroad Company should be brought in at all, and it is immaterial what becomes of the case as to that company; it was not necessary to make the St. Louis, Memphis & Southeastern Railroad Company a party defendant, because no personal judgment was, or could have been, rendered against it; the suit was a proceeding *in rem* and the judgment could only affect the realty.

The inevitable conclusion from the foregoing is that in order to obtain a judgment *in rem* it is not necessary to have any person named or made a party defendant. Such a conclusion demonstrates the infirmity of such a contention.

The petition alleged that the property on which the lien was asked was the property of the Southern Missouri & Arkansas Railroad Company. No personal judgment was asked against that company, but a judgment was asked against the property which the petition alleged was the property of that company. The petition alleged no connection whatever between the property sought to be charged and the St. Louis, Memphis & Southeastern Railroad Company. Inanimate *res* cannot appear or defend in a court of law. The owner of the *res* is entitled to notice before his property can be subjected to a lien or taken from him. Without notice

·and a day in court to the owner of the *res,* no judgment *in rem* is valid, for such a judgment would not constitute due process of law. The statute expressly requires the party owning or operating the road to be made a party defendant in order to establish a lien against the road, and also expressly provides that judgment may be rendered against every defendant "who, after being summoned or notified according to law, shall not appear and plead," etc. The statute is simply declaratory of the first principles of jurisprudence.

### IV.

The next contention of the respondent is that the service of the summons on the St. Louis, Memphis & Southeastern Railroad was a good service. In support of this contention counsel cites cases in which it has been held that where a party has been sued under a wrong name but the summons has been served upon the right party, the service of the summons is sufficient. Those cases have no application to a case like that at bar. In those cases the question was simply one of misnomer. In the case at bar there is no pretense that there was any misnomer. The suit was against the Southern Missouri & Arkansas Railroad Company, whilst the summons against that company was not served on it, but was served on the St. Louis, Memphis & Southeastern Railroad Company, which company had no connection whatever with the contract, the construction of the road, or the question of whether a lien should be fastened on the property of the Southern Missouri & Arkansas Railroad Company or not. The question here is not one of misnomer, but is whether service upon one who is not made a party to the suit nor shown to have any connection with the subject-matter of the suit is sufficient to bring into court one who is made a party to the suit and who is alleged to be the owner of the *res* sought to be subjected to a lien.

## V.

The next contention of the respondent is that the appeal was taken by the Southern Missouri & Arkansas Railroad Company alone, and as that company was never brought into court and no judgment was rendered against it (a judgment was rendered against property which the petition alleges belonged to it), it is immaterial to the plaintiff what judgment is entered as to that company.

The respondent further contends that the St. Louis, Memphis & Southeastern Railroad Company did not appeal, and therefore that company has no standing in this court.

In the first place the petition alleges that the property sought to be charged with a lien was the property of the Southern  Missouri & Arkansas Railroad Company.  A judgment was rendered establishing a lien against the property of that company.  That company, therefore, had a right to come into court and move to vacate that judgment even if it had never been notified of the proceeding or been brought into court.  That company did so come into court, limiting its appearance for the purpose of denying the jurisdiction of the court over that defendant, and, consequently, over the property of that defendant, for the court could enter no judgment affecting the property of the company unless the company had been brought into court and given a day in court.  That company appealed.  This judgment is an entirety, and, if reversed as to that company, the result will be that it will stand reversed as to all.  It is not, therefore, a matter of any grave moment whether any other company appealed or not.  The case is presented for adjudication on the appeal of the Southern Missouri & Arkansas Railroad Company, the owner according to the petition and the judgment of the court, of the property sought to be affected by the lien. But counsel are in error in construing the appeal to have been taken

by only the Southern Missouri & Arkansas Railroad Company.

The affidavit for the appeal was entitled:

"Little Rock Trust Company, Plaintiff,

   vs.

Irving M. Dittenhoeffer; Southern Missouri & Arkansas Railroad Company, and St. Louis, Memphis & Southeastern Railroad Company, Appellants."

And the affiant made oath and said that he was the attorney "for defts. Railroad Companies," and that he believed that the "appellants are aggrieved by the judgment of the court," and it was signed by the affiant for "St. L. M. & S. E. and S. M. & A. R. R."

The order allowing the appeal contained in the respondent's abstract of the record is entitled:

"Little Rock Trust Company, Plaintiff,

   vs.

Southern Missouri & Arkansas Ry. Co., Defendant," and recites that the "said defendant, by its attorney," filed its application and affidavit for appeal, and that an appeal was granted, and "defendants" appeal bond was fixed at $5,000. This case is here on a short transcript, or certificate of judgment, which shows that instead of there being an apostrophe between the *t* and *s* in referring to defendant's appeal bond, the plural number is used and not the singular number in the possessive case. But however this may be, the motion to set aside the judgment and the affidavit for the appeal was made on behalf of both of those railroad companies, and it is perfectly clear that the appeal was taken by both, notwithstanding the clerk in entering the judgment used the singular number in the body of the order allowing the appeal in referring to the application and affidavit (the affidavit was on behalf of both railroad companies, while the clerk referred to it as the affidavit of only the Southern Missouri & Arkansas Railroad Company; and the order allowing the appeal as shown

by the transcript of the judgment refers to the defendants' [in the plural number] bond, etc.)

The foregoing considerations dispose of the technical and perliminary objections interposed by the respondent to the disposition of the appeal on the merits.

## VI.

The first contention of the defendants is that the service of the summons which was directed to Dittenhoeffer and the Southern Missouri & Arkansas Railroad Company, but which was served on the St. Louis, Memphis & Southeastern Railroad Company by delivering a copy to the local agent of that company, was insufficient in law to bring the St. Louis, Memphis & Southeastern Railroad Company into court even if it had been a party defendant to the action, because the return did not specify that the service was had upon such agent at the business office of said company, as required by section 995, Revised Statutes 1899.

This subject has been so lately adjudicated by this court in Williams v. Dittenhoeffer, 188 Mo. 134, that it is unnecessary to further elaborate it. The respondent, however, passes over this contention and seeks to parry its effect by showing that since the submission of this case in this court, the sheriff, without notice to the defendants, filed an amended return which showed that the service was had on the agent of the company at its place of business. This proceeding was without notice, and, therefore, is not binding on the defendants, as a sheriff has no absolute right to amend a return. The right to amend a return rests in the sound judicial discretion of the court, and the party to be affected by the amendment has a right to a day in court before the court has a right to permit the amendment. [Feurt v. Caster, 174 Mo. 289.]

This would be of itself sufficient to reverse the judgment in this case, but there is another equally cogent reason for doing so.

195 Sup.—44

## VII.

The next proposition presented for adjudication is as to the jurisdiction of the court to enter any judgment in this case. Dittenhoeffer was originally made a party defendant. The petition alleged that he was a non-resident. Only a personal judgment could have been obtained against him if he had been in court. Being a non-resident and the proceeding not being of the kind which, under the statute, permits the bringing in of a defendant by publication, Dittenhoeffer could not be brought into court in this case. Therefore, the plaintiff dismissed as to him, as it had a right to do under section 4245, Revised Statutes 1899. This left as the only defendant in the case the Southern Missouri & Arkansas Railroad Company, which company is charged in the petition with having made the contract under which the plaintiff did the work and furnished the materials on · the road alleged to be the property of that company and on which property the lien was sought to be established. A summons against that company was duly issued but was never served. Therefore, that company was never brought into court by personal service, nor was there any order of publication bringing it in. The judgment was, therefore, clearly void as to that company, and equally void as to the property of that company; for as the property on which the lien was enforced was alleged in the petition to be the property of that company, the judgment *in rem* was equally void. Respondent, however, contends that the St. Louis, Memphis & Southeastern Railroad Company was operating the road and that the service of the summons on that company was sufficient basis upon which to predicate a judgment *in rem* against the property. That company is not made a party defendant in this action at all, and there is no allegation in the petition that that company operates the road, nor that it owns any of the *res* to be affected by the lien, but, on the contrary, the allegations of the

petition are that the *res* was owned by the Southern
Missouri & Arkansas Railroad Company, and the peti-
tion contains no averment whatever, nor even an inti-
mation, that the St. Louis, Memphis & Southeastern
Railroad Company operated the road, owned the road,
or was in any manner whatever connected with the sub-
ject-matter of the litigation, or with any of the parties
to the litigation, nor that it ever made any contract with
the plaintiff or its assignor to do the work. Even if,
therefore, the service of the notice had been sufficient,
and even if the sheriff's return on the summons had
been good in law, that company was not obliged to go
into court to defend an action the whole and sole pur-
pose of which was to obtain a personal judgment
against Dittenhoeffer and a lien against the property
of a totally distinct and different corporation. For
aught that appears in this record the St. Louis, Memphis
& Southeastern Railroad Company has no interest what-
ever in the subject-matter of this action, and it is a
matter of absolute indifference to it whether any kind
of a judgment, *in personam* or *in rem,* is rendered
against Dittenhoeffer or the property of the Southern
Missouri & Arkansas Railroad Company. But the re-
spondent suggests that the decision of this court in
Williams v. Dittenhoeffer, 188 Mo. 134, explains the
connection between the two railroad companies and
shows that the St. Louis, Memphis & Southeastern Rail-
road Company had acquired the property sought to
be charged with a lien from the Southern Missouri &
Arkansas Railroad Company, but counsel likewise ad-
mit that there is nothing in this record to show any such
condition, and it is apparent that this court cannot look
to any facts that appeared to the court in that case in
order to help out a judgment in this case, for the very
simple reason that the plaintiff in this case is different
from the plaintiff in that case. Moreover, if the St.
Louis, Memphis and Southeastern Railroad Company
has acquired the property, then there was an impera-

tive necessity to make that company a party to the action in order to fasten a lien on its property.

## VIII.

Defendant next contends that the assignment by McCarthy to the plaintiff is void and conferred no authority upon the plaintiff to maintain this action. This contention is based upon the defendant's construction of section 4256, Revised Statutes 1899, which is as follows:

"Any two or more persons having filed in the clerk's office mechanics' liens may assign to each other or to any other person all their right, title and interest in and to such mechanics' lien, and the assignee thereof may bring suit in his name and enforce all of such assigned liens as fully as if the same had not been assigned."

The defendant's construction of this statute is that it only applies where two or more persons are interested in the same lien, and that as there was only one lienor—McCarthy—in this instance, no assignment by him was authorized by law. Counsel are entirely in error in so construing the statutes. The purpose of the lawmaker was to authorize any one or any number of different persons who had filed separate liens to assign them to each other or to any other person and permit the assignee to maintain an action for all of them in one proceeding. In Ittner v. Hughes, 154 Mo. l. c. 66, this court said: "It may be regarded as entirely settled in this State that a subcontractor who has furnished materials or performed work and labor may file his lien and then assign the debt and lien account, and the assignee may prosecute the suit on the lien account to judgment in his name." [Citing cases.]

There is, therefore, no merit in this contention of the defendant.

The foregoing considerations necessarily lead to the conclusion that the judgment of the circuit court is

erroneous, for the reason that the judgment against the Southern Missouri & Arkansas Railroad Company, or rather against its property or the property alleged in the petition to be its property, is void because that company was not brought into court in any manner whatever, and it is void as to the St. Louis, Memphis & Southeastern Railroad Company because the sheriff's return was insufficient to bring it into court, and also because it was not made a party defendant in the action nor charged in any manner with any connection whatever with either the parties to the suit or the subject-matter of the suit.

The judgment of the circuit court is therefore reversed and the cause remanded.

All concur.