THE STATE ex inf. JESSE W. BARRETT, Attorney-General, v. MICHAEL H. JOYCE.

In Banc, February 17, 1925.

1. **LAWS: Repealing Clause: Interpretation.** A clause in a statute purporting to repeal other statutes is subject to the same rule of interpretation as other enactments, and the legislative intention must prevail over literal wording.

2. **JUSTICES OF PEACE: Kaw Township: Repeal of Section 2688: Referendum.** The Legislature of 1921 did not intend by House Bill No. 653 to repeal the provisions of Section 2688, Revised Statutes 1919, relating to the election of eight justices of the peace in Kaw Township, although it expressly repealed that section and enacted a new section in lieu thereof, for the obvious reason that the Legislature supposed that it had already repealed those provisions by passing Senate Bill No. 4, which of itself repealed those provisions, but never became effective because it and its companion bill, Senate Bill No. 5, creating a municipal court of five justices of the peace in such townships, were referred to the people and rejected at the next general election. A comparison of the three bills with each other clearly demonstrates that House Bill No. 653 never would have been enacted had not the Legislature supposed that Senate Bills 4 and 5, repealing the provisions of Section 2688 relating to Kaw Township and creating a municipal court in lieu of the eight justices, had become valid and final enactments, and by adding an emergency clause putting them into immediate effect had made their reference to the people impossible; and supposing it had placed the stamp of finality upon Senate Bills 4 and 5, the Legislature enacted into law House Bill 653, repealing Section 2688, and 307 Mo.—4.

enacted a new section in lieu thereof, in which is no word applicable to Kaw Township; but Senate Bills 4 and 5 having been nullified by the referendum process, so much of House Bill 653 as attempted to repeal the provisions of Section 2688 relating to Kaw Township failed with them, and left those provisions in force.

3. ——: ——: ——: ——: **Dependent Clauses.** Senate Bills 4 and 5 and House Bill 653, passed by the Legislature of 1921, were not only *in pari materia*, but were passed to give effect to a single legislative scheme and plan; and Senate Bills 4 and 5 having been nullified by the referendum process, House Bill 653, repealing the part of Section 2688 which was to be replaced by those two bills, being dependent upon them, became inoperative. A statute which is dependent upon another rejected by referendum likewise fails with its rejection.

Citations to Headnotes: 1, Statutes, 36 Cyc. 1169; 2, Justice of the Peace, 35 C. J. par. 10; 3, Statutes, 36 Cyc. 1099.

## Quo Warranto.

WRIT DENIED.

*Leslie J. Lyons* and *Forest W. Hanna* for plaintiff.

(1) It is necessary to have legislative authority to legally elect justices of the peace in Missouri. Mo. Constitution, art. 6, sec. 37; Sec. 2688, R. S. 1919; Laws 1921, p. 242; 35 C. J. p. 454; 16 R. C. L. 331; State ex rel. Pettigrew v. Pinger, 50 Mo. 486. (2) The General Assembly by its act approved March 28, 1921, repealed Sec. 2688, R. S. 1919, and enacted a new section in lieu thereof, which eliminated that specific provision thereof authorizing the election of justices of the peace from said township by districts. Laws 1921, p. 242.

*James P. Aylward, George H. Combs, Jr., Julius Shapiro, John G. Madden, Edward J. Curtin* and *John T. Barker* for defendants.

(1) The Act of 1921, Laws 1921, p. 242, does not attempt to repeal that part of Section 2688 relating to the eight justices of the peace in Kaw Township. Stack

v. Company, 223 S. W. 93; State ex rel. v. Patterson, 229 Mo. 364; 36 Cyc. 1107.   (2)   Sec. 2688, R. S. 1919, was in effect repealed on March 11, 1921, by Senate Bill No. 4, Laws 1921, p. 233; House Bill No. 653, Laws 1921, p. 242, if valid, became effective June 21, 1921.   On June 18, 1921, Senate Bill No. 4 was suspended by the referendum and the subject-matter of such legislation was withdrawn from further action by the General Assembly, and House Bill No. 653 never became effective.   State ex rel. Drain v. Becker, 240 S. W. 229; State ex rel. v. Dallmeyer, 245 S. W. 1068.   (3)   Senate bill No. 4 and House Bill No. 653 relate to the same subject, were passed at the same session, and are *in pari materia.*  House Bill No. 653 was not to become effective except in aid of Senate Bill No. 4.   When Senate Bill No. 4 was referred and defeated, House Bill No. 653 became ineffective.   State ex rel. v. Dallmeyer, 245 S. W. 1066; County v. Gordon, 241 Mo. 583; State ex rel. v. Chemical Works, 249 Mo. 702; Gantt v. Brown, 238 Mo. 560.

RAGLAND, J.—*Quo warranto* brought by the Attorney-General to test the title of defendant to the office of justice of the peace of Kaw Township, in Jackson County, Missouri.   Defendant and seven others were duly elected as justices of the peace in and for said township at the general election held in 1922, for terms of four years.   Defendant's title to that office, as well as that of each of the others, depends solely upon whether the provisions of Section 2688, Revised Statutes 1919, under which the elections for justices of the peace in Kaw Township were held in 1922, had prior to that date been repealed.

Said Section 2688 is as follows:

"Each municipal township, except as otherwise provided by law, shall be entitled to two justices of the peace, to be elected and commissioned in the manner hereinafter provided; but in case there shall be in any such township an incorporated town or city having a population of over two thousand inhabitants, and less than one hundred

thousand inhabitants, said town or city shall be entitled to one additional justice of the peace, who shall be a resident of such town or city; and in all municipal townships that now contain or may hereafter contain a city of one hundred thousand inhabitants, and less than three hundred thousand inhabitants, the county court of the county in which said city is located shall, on or before the first day of March, 1890, divide the said township into districts, not to exceed eight, as nearly equal in population as may be possible; and at the general election in 1890, and every four years thereafter, there shall be elected in each of said districts, by the qualified voters thereof, one justice of the peace, who shall possess the qualifications required by law for other justices of the peace, shall take the same oath, possess the same jurisdiction, and shall hold his office for four years and until his successor is elected and qualified, and who shall be a resident of and keep and maintain his office in the district for which he is elected. The persons now holding the offices of justices of the peace in townships affected by this article shall continue to perform the duties of their respective offices until the general election of 1890, at which time one justice of the peace for each district, as herein provided shall be elected, after which time there shall be no other justices of the peace in townships affected by this article, except as herein provided for.''

The section in the form set out above was first enacted at the revising session of 1889. At the time of its enactment there was not a municipal township in the State which contained ''a city of one hundred thousand inhabitants, and less than three hundred thousand inhabitants.'' Thereafter, and before March 1, 1890, the boundaries of Kaw Township were extended by the County Court of Jackson County so as to include all of Kansas City and thereby bring the township within the statutory classification above set forth. On February 24, 1890, the county court divided Kaw Township into eight justice of the peace districts and at the general election of 1890, there was, and every four years since that time

there has been, elected in each of such districts one justice of the peace. No other township of the State was able to, or did, within the time limited, namely, March 1, 1890, bring itself within the classification, "municipal township that . . . contains . . . a city of one hundred thousand inhabitants, and less than three hundred thousand inhabitants." Consequently the provisions of Section 2688 with reference to such townships have at all times been limited in their application to Kaw Township, just as much so as though Kaw Township had been specifically named instead of a class. [State ex rel. v. Patterson, 229 Mo. 364; State ex rel. v. Mossman, 112 Mo. App. l. c. 459.]

At the regular session of the Legislature held in 1921, two companion bills, known as Senate Bill No. 4 (Laws 1921, p. 233) and Senate Bill No. 5 (Laws 1921, p. 234) respectively, were passed, each with an emergency clause; both were approved by the Governor on the same day, March 11, 1921. Section 1 of the first was as follows:

"On the first day of July, 1921, the offices of justices of the peace elected or appointed in districts in all municipal townships containing a city of one hundred thousand inhabitants and less than three hundred thousand inhabitants and the office of clerks to such justices shall be abolished, and all jurisdiction and powers then vested in such justices of the peace shall be transferred to, vested in and thereafter exercised by the justices of the peace to be appointed or elected to serve in townships that now have or may hereafter have not less than three hundred thousand inhabitants nor more than six hundred thousand inhabitants."

By Section 4 of the same Bill, Section 2688, Revised Statutes 1919, was amended by striking out all of it except the following:

"Each municipal township, except as otherwise provided by law, shall be entitled to two justices of the peace, to be elected and commissioned in the manner hereinafter provided; but in case there shall be in any such township an incorporated town or city having a population of over two thousand inhabitants, and less than one hundred

thousand inhabitants, said town or city shall be entitled to one additional justice of the peace, who shall be a resident of such town or city.''

Senate Bill No. 5 had for its purpose the creation of a sort of municipal justice-of-the-peace court for townships having a population of not less than three hundred thousand inhabitants nor more than six hundred thousand inhabitants. It provided that ''at the general election of 1922, and every four years thereafter, there shall be elected at large in such townships five justices of the peace'' and ''the person designated and elected as the presiding justice of the peace, in addition to performing the ordinary duties of said justice of the peace, shall preside at all meetings of the justices of the peace for the township, and shall, in accordance with the rules adopted by the justices of the peace, classify, arrange and distribute the business thereof among the several justices of the peace, and in the disposition of such business shall exercise a superintending control over the officers of the court and their deputies,'' etc.

The census of 1920 showed that Kansas City, which territorially is Kaw Township, had a population of 324,-410, hence Kaw Township fell within the class of townships dealt with by senate Bill No. 5.

At the same Session at which Senate Bills Nos. 4 and 5 were passed, and immediately following their passage, a bill known as House Bill No. 653 was enacted. It was approved March 28, 1921. [Laws 1921, p. 242.] This act expressly repealed Section 2688, Revised Statutes 1919, and enacted a new section in lieu of it, to be known by the same number, as follows:

''Each municipal township, except as otherwise provided by law, and except in townships having a municipal justice, or municipal justices of the peace or courts, shall be entitled to two justices of the peace, to be elected and commissioned in the manner hereinafter provided. . . .'' [Here follow further provisions applicable only to townships having a city of over two thousand inhabitants and less than one hundred thousand inhabitants

and to those having a city of seventy-five thousand inhabitants and less than three hundred thousand inhabitants.]''

Upon a referendum ordered in accordance with the provisions of Section 57 of Article IV of the Constitution, the petitions for which were filed June 18, 1921, Senate Bills Nos. 4 and 5 were rejected by the people at the general election held in 1922.

In view of the legislative situation just outlined, the Attorney-General contends that the provisions of Section 2688, Revised Statutes 1919, authorizing the election of eight justices of the peace in Kaw Township, one from each district, stood repealed prior to the general election of 1922, and consequently that the elections then held under the assumed authority of those provisions, including defendant's, were void.

In support of his contention that what we shall designate as the Kaw Township provisions of Section 2688, Revised Statutes 1919, had been repealed prior to the election of 1922, the Attorney-General plants himself squarely on the act which originated as House Bill No. 653, which was not referred and which went into effect ninety days after the adjournment of the regular session of the Legislature in 1921.

On its face Section 1 of the Act purports to repeal Section 2688 in its entirety. But the clause in a statute purporting to repeal other statutes is subject to the same rule of interpretation as other enactments, and the intent must prevail over literal interpretation. [Smith .v. People, 47 N. Y. 330.] Now it is obvious that the Legislature did not intend by this act to repeal the Kaw Township provisions of Section 2688, for the very simple reason that it supposed that it had already done so. It had just passed Senate Bill No. 4. Section 1 of that act abolished ''the offices of justice of the peace elected or appointed in districts in all municipal townships containing a city of one hundred thousand inhabitants and less than three hundred thousand inhabitants.'' This in and of itself was a repeal of the Kaw Township provisions. By

Section 4 it amended Section 2688 by striking out all of the provisions relating to Kaw Township. This was in effect an express repeal of those provisions. At the same time Senate Bill No. 5 was enacted creating a municipal justices-of-the-peace court for Kaw Township and thereby covering the same subject-matter as that of the provisions repealed by Senate Bill No. 4. To each of these two bills the Legislature appended an emergency clause in which it was recited that the enactment was necessary for the immediate preservation of the public peace, health and safety within the meaning of Section 57 of Article IV of the Constitution, intending thereby to put the acts outside of the pale of a possible referendum. Having passed the two acts which together repealed the Kaw Township provisions and replaced them with new legislation, and having, as it supposed, placed the stamp of finality upon them, the Legislature then directed its attention to the remainder of Section 2688 which had been left in force. This by House Bill No. 653 it repealed and in lieu of it enacted a new section, not a word or line of which was applicable to Kaw Township. It is inconceivable that the Legislature would have passed House Bill No. 653, which on its face wiped out the only statute which was designed to provide justices of the peace for Kaw Township without replacing it with new legislation covering the same subject-matter, if it had not had in mind Senate Bills Nos. 4 and 5. The conclusion is irresistible that the Legislature in passing House Bill No. 653 did not understand that it was legislating for Kaw Township in any respect, either affirmatively or negatively, and that it did not thereby intend to so legislate.

But if it be assumed that the Legislature, in enacting the repealing clause of House Bill No. 653, had in mind Section 2688 as it stood in the Revised Statutes of 1919, and not the fragment of that section that remained after the enactment of Senate Bill No. 4, still it cannot be held that the Legislature intended that the repeal should operate unqualifiedly and in any event. The most

casual consideration of Senate Bills Nos. 4 and 5 and House Bill No. 653 makes it manifest that they are not only *in pari materia*, but that they were enacted to give effect to a single legislative scheme or plan. Suppose that all three had been embodied in a single act and that subsequently the provisions creating a municipal justices-of-the-peace court had been declared unconstitutional, then under well settled rules of construction the clause repealing the law which was to be replaced by such provisions would be held to be dependent and inoperative. "When the evident purpose of the repeal is to displace the old law and substitute the new in its stead, the repealing section or clause, being dependent upon that purpose of substitution, necessarily falls when falls the main purpose of the act." [State v. Thomas, 138 Mo. 95, 100.] We have heretofore applied the same principle to a repealing statute dependent upon another statute which was rejected by referendum. [State ex rel. v. Dallmeyer, 245 S. W. 1066.]

To recapitulate, the only statute having for any part of its purpose the repealing of the Kaw Township provisions of Section 2688, Revised Statutes 1919, was rejected by referendum, but in any event the act now relied on as operating as such a repeal fails in that respect, because the act upon which it is dependent never became effective. It follows that judgment should go for defendant confirming his title to the office in question.

It is so ordered. All concur, except *Walker, J.*, absent.