SSM CARDINAL GLENNON CHILDREN'S HOSPITAL, f/k/a Cardinal Glennon Children's Hospital, et al., Appellants,

v.

STATE of Missouri, et al., Respondents.

No. SC 83692.

Supreme Court of Missouri, En Banc.

Feb. 26, 2002.

Dawn M. Johnson, David M. Harris, St. Louis, for Appellants.

Jeremiah W. (Jay) Nixon, Atty. General, Curtis F. Thompson, Asst. Attorney General, Jefferson City, for Respondents.

WILLIAM RAY PRICE, Jr., Judge.

A number of privately maintained hospitals (the "hospitals"), challenge the constitutionality of House Bill ("H.B.") 343, enacted in 1999. H.B. 343 was originally titled as "relating to professional registration" and subsequently had its title changed to reflect a relation to "professional licensing." The hospitals claim that an amendment to H.B. 343 that modified the hospital lien law changed the bill's original purpose, caused the bill's title to be unclear, and created multiple subjects within the bill. The circuit court rejected the hospitals' claims. Because the hospital lien law and "professional licensing" are two separate subjects, the judgment is reversed. The hospitals' other two contentions are not addressed.

## I.

Missouri's hospital lien law was originally enacted in 1941. 1941 Mo. Laws 371. It allowed hospitals to file liens against patients and participate in the recovery of any personal injury claim that the patient may have in order to recoup payment for the hospital's services. Sections 430.230 to 430.250, RSMo Supp.1998. Hospitals, including the appellants in this case, were entitled to collect the total amount of their liens or as much as could be satisfied out of fifty percent of the money due to the patient under any final judgment, compromise or settlement agreement after other liens had been satisfied.

During the 1999 legislative session, at least three bills were introduced with the purpose of creating a new hospital lien law: (1) H.B. 140, titled as "relating to liens for the protection of licensed health practitioners," (2) Senate Bill ("S.B.") 409, titled as "relating to liens for the protection of licensed health practitioners," and (3) S.B. 515, titled as "relating to certain health practitioners." All of these bills

sought to expand the scope of the hospital lien law to allow certain defined clinics, health practitioners and other institutions the same rights as hospitals to hold liens on any claims a patient may have for personal injury. All of these bills also provided that if a lien exceeded fifty percent of the amount due the patient, then the lienholders would share only in fifty percent of the amount due the patient, in proportion to the amount of each of their respective liens, against the total of all liens. None of these bills garnered enough support to pass.

On January 13, 1999, H.B. 343 was introduced. The bill was titled as:

> AN ACT To repeal sections...relating to the division of professional registration, and to enact in lieu thereof forty-two new sections relating to the same subject.

H.B. 343 sought to change or repeal provisions concerning the procedure and qualifications for licensing certain professions under the division of professional registration. As introduced, H.B. 343 did not contain any amendments to the hospital lien law.

Various amendments were added to H.B. 343 as it worked its way through the House and Senate. On April 15, 1999, the Senate passed Senate Committee Substitute for House Committee Substitute for H.B. 343 ("SCS HCS HB 343") and placed a new title on the bill:

> AN ACT To repeal [160] sections...relating to professional licensing, and to enact in lieu thereof one hundred forty-nine new sections relating to the same subject, with penalty provisions and an expiration date for certain sections.

The bill did not contain any provisions relating to the hospital lien law.

On April 27, 1999, Senate Amendment No. 9 was added to SCS HCS HB 343.

The amendment created a new section 430.225, which altered the scope of the hospital lien law in a manner similar to that proposed by H.B. 140, S.B. 409 and S.B. 515 in that the law was expanded to cover certain additional health practitioners and provided that all lienholders who gave notice would share in fifty percent of the amount due the patient in the proportion that each claim bears to the total amount of all other liens of health care providers. The new section 430.225 also provided that if a health care provider elected to receive payment under the new hospital lien law, then it must release the claimant from further liability for the cost of services and treatment provided up to that point in time and could not pursue the patient for any remaining unpaid charges.

The House refused to concur in the amendments to H.B. 343 and the Senate refused to recede, so the bill was sent to a conference committee. On May 14, 1999, the House and Senate adopted the Conference Committee Substitute for Senate Committee Substitute for House Committee Substitute for H.B. 343. This was the final version of H.B. 343 and was titled:

> AN ACT To repeal [160] sections ...relating to professional licensing, and to enact in lieu thereof one hundred sixty-nine new sections relating to the same subject, with penalty provisions, an expiration date for certain sections and an emergency clause for a certain section.

In its final form, H.B. 343 contained not only its original provisions relating to the procedure and qualifications for licensing various professions, but also included the new section 430.225.

On May 26, 1999, Senator Marvin Singleton, M.D., filed a constitutional objection to the bill as passed. The senator objected that the original purpose of the bill had been changed, that the title of the bill was no longer clear, and that the bill

contained more than one subject. On July 13, 1999, the governor signed H.B. 343 into law.

Each of the hospitals challenging H.B. 343 is a privately maintained hospital supported in whole or part by charity. Each of the hospitals has filed claims for relief under the hospital lien law both before and after the passage of H.B. 343. The hospitals concluded that the amendment to the hospital lien law threatened to reduce the amounts that might otherwise be available to the hospitals to cover unpaid fees.

## II.

Article III, sections 21 and 23, of the Missouri Constitution places procedural limitations on the legislative process. Article III, section 21 provides, "no bill shall be so amended in its passage through either house as to change its original purpose." Article III, section 23 provides, "[n]o bill shall contain more than one subject which shall be clearly expressed in its title. . . ." These limitations serve "to facilitate orderly procedure, avoid surprise, and prevent 'logrolling,' in which several matters that would not individually command a majority vote are rounded up into a single bill to ensure passage." *Stroh Brewery Co. v. State*, 954 S.W.2d 323, 326 (Mo. banc 1997).

The application of these provisions has been addressed at length in a number of recent decisions. *See C.C. Dillon Co. v. City of Eureka*, 12 S.W.3d 322 (Mo. banc 2000); *Carmack v. Director, Missouri Department of Agriculture*, 945 S.W.2d 956 (Mo. banc 1997); *Fust v. Attorney General*, 947 S.W.2d 424 (Mo. banc 1997); *Stroh Brewery Co. v. State*, 954 S.W.2d 323 (Mo. banc 1997); and *Hammerschmidt v. Boone County*, 877 S.W.2d 98 (Mo. banc 1994). There is no need to reiterate the background provided in these decisions except to note that among their other purposes,

sections 21 and 23 serve to keep individual members of the legislature and the public fairly apprised of the subject matter of pending laws. *Stroh*, 954 S.W.2d at 325–26.

## III.

In analyzing H.B. 343, the use of procedural limitations to attack the validity of statutes is not favored, and a statute maintains a presumption of constitutionality. *C.C. Dillon Co.*, 12 S.W.3d at 327. "Procedural limitations" are interpreted liberally, and the constitutionality of a statute will be upheld unless it "clearly and undoubtedly" violates the constitutional limitation. *Hammerschmidt*, 877 S.W.2d at 102. The burden of establishing the unconstitutionality of a statute rests upon the party questioning it. *C.C. Dillon Co.*, 12 S.W.3d at 327. Nonetheless, H.B. 343 contains more than one subject.

The test for determining whether a bill has multiple subjects is not whether the individual provisions of the bill itself relate to each other, but focuses on the subject of the bill as it is expressed in the title of the bill. *Fust*, 947 S.W.2d at 428. If the individual provisions "fairly relate" to the subject described in the title of the bill, have a "natural connection" to the subject, or are a means to accomplish the law's purpose, then the law has a single subject and withstands a constitutional challenge. *Id.* If the purpose of the bill is clearly expressed in the title of the bill, then the Court need not look beyond the title to determine the bill's subject. *Hammerschmidt*, 877 S.W.2d at 102.

As passed, H.B. 343's title proclaimed the bill as "relating to professional licensing." "Professional licensing" is a gerund, the noun form of the verb referring to the act of obtaining, maintaining, or revoking the state's authority for a person

to engage in professional activity. This is the sole subject described in the title of H.B. 343.

It is difficult to discern how the hospital lien law might relate to or have a natural connection with a bill titled "relating to professional licensing". The state argues that the relationship exists because those entities, which are newly allowed liens by the amendment, are professionally licensed. The argument is invalid for two reasons.

First, the stated subject of the bill is "professional licensing", the act of licensing, not "professional licensees", those who are licensed, as it would have to for the state's argument to have any possibility of prevailing. "The single subject limitation requires the *contents* of the bill, not the entities affected by the bill, fairly relate to the subject expressed in the title of the act." *Missouri Health Care Ass'n v. Attorney General of the State of Missouri*, 953 S.W.2d 617, 623 (Mo. banc 1997) (emphasis added).

Second, hospitals previously the sole beneficiaries of the hospital lien law are not subject to professional licensure by the division of professional registration. Section 620.010, RSMo 2000. They are subject to licensing under their own specific provisions mandated by the department of health under chapter 197, RSMo. Even under the state's argument, there is no relationship between professional licensing and the hospital lien law prior to the attempt to amend it.

To the extent that there is any connection at all between the act of professional licensing and hospital liens, it is simply too extended and too tenuous to keep legislators or members of the general public fairly apprised of the contents of H.B. 343. Because the new section 430.225 does not fairly relate to, or have a natural connection with, professional licensing, the addition of this section to H.B. 343 created within the bill a second subject in violation of article III, section 23 of the Missouri Constitution.

## IV.

In finding that H.B. 343 contains more than one subject, the question remains whether the entire bill is unconstitutional or whether the new section 430.225 may be severed from the bill. This Court has an obligation to sever unconstitutional provisions of a statute unless:

the valid provisions of the statute are so essentially and inseparably connected with, and so dependent upon, the void provision that it cannot be presumed the legislature would have enacted the valid provisions without the void one; or unless the court finds that the valid provisions, standing alone, are incomplete and are incapable of being executed in accordance with the legislative intent.

Section 1.140, RSMo 2000. If a bill contains more than one subject, the entire bill is unconstitutional unless the Court is convinced beyond a reasonable doubt that one of the bill's multiple subjects is its original, controlling purpose and that the other subject is not. *Hammerschmidt*, 877 S.W.2d at 103. Factors to examine when discussing whether a provision is severable include whether the provision is essential to the efficacy of the amendment, whether it is a provision without which the amendment would be incomplete and unworkable, and whether the provision is one without which the bill may not have been adopted. *Missourians to Protect the Initiative Process v. Blunt*, 799 S.W.2d 824, 832 (Mo. banc 1990).

The overall, controlling purpose of H.B. 343 is to amend a multitude of laws relating to professional licensing. The title in-

dicates that the bill relates to professional licensing. An examination of the bill's passage through both the House and Senate prior to the addition of the amended hospital lien law, and an inspection of its contents as finally passed, shows that the bill is about professional licensing.

Section 430.225 does not affect the viability or workability of any other provisions of H.B. 343. No evidence has been presented by the parties that indicates that H.B. 343 is unworkable absent the amendment to the hospital lien law. Nor have they presented any evidence that section 430.225 was so vital to the passage of H.B. 343 that the legislature would not have adopted the bill absent those provisions.

The new section 430.225 adds a second subject to H.B. 343 that may be severed. This Court is convinced beyond a reasonable doubt that the hospital lien law provisions are not essential to the efficacy of H.B. 343, that H.B. 343 is complete and workable without section 430.225, and that the legislature would have adopted H.B. 343 without the inclusion of section 430.225. *See Hammerschmidt*, 877 S.W.2d at 104.

## V.

The judgment of the circuit court is reversed. For the reasons previously expressed, this Court severs from H.B. 343 the provision that created a new section 430.225 of the hospital lien law and declares it void. The remaining provisions of H.B. 343 continue in effect.

All concur.