WILLIAMS LUMBER & MANUFACTURING COMPANY, a Corporation, Appellant, v. HARRY H. GINSBURG and CLARA BETTY KARCHMER GINSBURG.—146 S. W. (2d) 604.

Division One, January 4, 1941.

120

*F. W. Barrett* for appellant.

*Robert D. Durst* and *J. Weston Miller* for respondents.

122

CLARK, J.—Appeal from the Circuit Court of Greene County. Plaintiff, as assignee of the claims of numerous persons for labor in the erection of a building, sued to enforce a mechanic's lien. The defendants filed a demurrer and the court sustained it on the ground that Section 3225, Revised Statutes 1929 (Mo. Stat. Ann., sec. 3225, p. 5033), violates Section 28 of Article IV of the Missouri Constitution, as applied to the right of an assignee to sue on such claims as plaintiff asserts. Plaintiff appealed.

Section 28, Article IV, of our Constitution, reads:

"No bill . . . shall contain more than one subject, which shall be clearly expressed in its title."

Section 3225, supra, was enacted in 1909 (Session Acts of 1909, page 661), as House Bill No. 382, which reads as follows:

"An Act to amend Article IV of Chapter 47 of Revised Statutes of Missouri of 1899, entitled 'Liens of contractors, materialmen and laborers against railroads,' by repealing Section 4256, and enacting a new section in lieu thereof, as follows: . . .

"*Be it enacted by the General Assembly of the State of Missouri, as follows*:

"Section 1. Assigning and enforcing liens.—That section 4256 of article four of chapter 47 of the Revised Statutes of Missouri of 1899 be and the same is hereby repealed and the following new section enacted in lieu thereof, to-wit: Section 4256. Any person or persons having claims for which they are entitled to liens under this chapter, may assign to any other person or persons all their right, title and interest in and to such claims, and the assignee thereof may file a lien or liens therefor, as provided in this chapter, and may bring suit in his own name, and include in such suit all claims assigned to him, and enforce such assigned lien or liens as fully as if such claims had been filed by the original claimant.

"Approved April 29, 1909."

We agree with appellant that it is our duty to so construe the Act, if possible, as to avoid conflict with the Constitution; and that we

should not hold the Act invalid unless its unconstitutionality appears beyond a reasonable doubt. We also agree that if the title, though general, clearly expresses the purpose of the Act any legislation reasonably within the title is valid.

However, if the title is restrictive, the Act must also be restrictive and cannot include anything beyond the restrictive wording of the title. [Hunt v. Armour & Co., 345 Mo. 677, 136 S. W. (2d) 312; Sherrill v. Brantley, 334 Mo. 497, 66 S. W. (2d) 529.]

The purpose of the constitutional provision above quoted is to prevent surprise or fraud upon the legislators by barring from the body of a bill everything not indicated by the title. [Williams v. Railroad, 233 Mo. 666, 136 S. W. 304.]

It requires no elaborate argument to convince us that a member of the General Assembly, looking to the title of House Bill No. 382, would conclude that the Bill pertained to liens against railroads only, and not to liens generally. If the title had merely referred to the numbers of the article, chapter and section, we would have a different problem; but inclusion of the words, "liens of contractors, materialmen and laborers against *railroads*," indicates a restrictive intent. Appellant says: that the language just quoted is not the real title to the original Act sought to be amended by House Bill 382; that the title to the original Act referred to liens generally. But "the title to the original Act" for the purpose now being considered is the title as it appears in the revision of 1899 and as quoted in the title of House Bill 382. The legislators, to determine the purpose of the legislation, were not required to look beyond the title as it appeared in the Bill. [State ex rel. v. Hackmann, 305 Mo. 685, 267 S. W. 608, l. c. 611; State ex rel. v. Ranson, 73 Mo. 78.] As that title referred to liens against railroads only and the body of the Act referred to liens generally, we are compelled to hold that the Act of 1909 conflicts with the constitutional provision above quoted.

The evident purpose in the enactment of House Bill 382 was to substitute a new section for the old one. We cannot say that the legislators intended to repeal the old section without enacting a new one in its place. In such circumstances, the rule is that, if the new section is unconstitutional, the repealing clause is likewise invalid and the old section remains in force. [State ex inf. v. Cameron, 342 Mo. 830, l. c. 839, 117 S. W. (2d) 1078; State ex inf. v. Joyce, 307 Mo. 49, 269 S. W. 623; State v. Thomas, 138 Mo. 95, 39 S. W. 481.]

The question then arises: does the old section authorize plaintiff (appellant) to sue as assignee of the claims described in his petition?

The old section (Sec. 4256, R. S. 1899), reads as follows:

"Any two or more persons having filed in the clerk's office mechanic's liens may assign to each other or to any other person all their right, title and interest in and to such mechanic's liens, and the assignee thereof may bring suit in his name and enforce all of such

assigned liens as fully as if the same had not been assigned.''

Thus it will be seen that one essential difference between the two sections is: that under the old one the assignment could be made only *after* the lien had been filed, while under the attempted substitute the *right* to a lien could be assigned prior to the perfection of a lien.

Both the old section and the attempted substitute imply that such a lien cannot be assigned in the absence of statutory authority, and such seems to be the effect of previous decisions of this court. [Little Rock Trust Co. v. Ry. Co., 195 Mo. 669, l. c. 692, 93 S. W. 944; Ittner v. Hughes, 154 Mo. 55, 55 S. W. 267; Ittner v. Hughes, 133 Mo. 679, 34 S. W. 1110.]

In the instant case the petition, in each count, states that the ''claim and right of lien'' was assigned to plaintiff ''prior to the giving of notice and the filing of the lien herein.'' As the existing law does not authorize an assignment until after the lien is perfected, the demurrer to plaintiff's petition was properly sustained.

The judgment is affirmed. All concur.