The STROH BREWERY COMPANY,
Appellant,

v.

STATE of Missouri, et al., Respondents.

No. 079565.

Supreme Court of Missouri,
En Banc.

Oct. 21, 1997.

Kent L. Brown, Jefferson City, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Karen King Mitchell, Asst. Atty. Gen., Jefferson, for Respondents.

Charles McPheeters, Jefferson City, for Amicus Curiae Mo. Federation of Parents for Drug Free Youth.

Thomas E. Wack, James F. Bennett, for Amicus Curiae Anheuser-Busch, Inc.

PRICE, Judge.

The Stroh Brewery Company challenges the constitutionality of Senate Bill 933, enacted in 1996, claiming that amendments made during the legislative process changed the bill's original purpose and that the bill contained more than one subject. The trial court rejected Stroh's claim. We affirm.

## I.

During the 1996 legislative session, three bills pertinent to the present controversy were introduced. Senate Bill 814 was introduced on January 18, 1996. Senate Bill 814 related to the marketing of certain alcoholic beverages and was entitled "an act to repeal section 311.070, RSMo Supp.1995, relating to intoxicating beverages, and to enact in lieu thereof one new section relating to the same subject." The Senate Committee on

Corrections and General Laws amended the bill to repeal two additional sections, sections 311.680 and 311.691, and to enact new sections in lieu thereof. The Committee reported Senate Committee Substitute for Senate Bill 814 (S.C.S.S.B.814) to the whole Senate on February 29th, but the Senate never voted on the bill.

House Bill 1470 (H.B.1470) was introduced on February 7, 1996. House Bill 1470 was entitled "an act to repeal section 311.300, RSMo 1994, relating to the liquor control law, and to enact in lieu thereof one new section relating to the same subject." The bill was referred to the House Commerce Committee on February 12th, but was never reported to or voted on by the whole House.

Senate Bill 933 (S.B.933) was introduced on February 20, 1996. Senate Bill 933 was entitled "an act to amend chapter 311, RSMo, by adding one new section relating to the auction of vintage wine, with penalty provisions." The bill was referred to the Committee on Commerce and the Environment, which reported it to the whole Senate on March 5th with one amendment. The Senate perfected the bill on March 20th with no additional amendments, and delivered it to the House of Representatives the next day.

Senate Bill 933 was subsequently referred to the House Committee on Local Government and Related Matters. The House Committee first amended the bill by replacing two more sections of the intoxicating liquors chapter of the Missouri revised statutes, sections 311.102 and 311.176, with new provisions. Then the House Committee combined the original and amended provisions of S.B. 933 with the original provisions of S.C.S.S.B. 814 and H.B. 1470 to create House Committee Substitute for Senate Bill 933 (H.C.S.S.B.933). House Committee Substitute for Senate Bill 933 was reported to the House on April 23rd and debated on May 1st and 6th. During floor debate, the representatives added five new amendments, all relating to various provisions of chapter 311 of the Missouri revised statutes. One of these amendments contained a requirement that the label of any malt liquor sold in Missouri state the name and location of the owner of the facility that produced and packaged the beverage. As finally passed, H.C.S.S.B. 933 was entitled "an act to repeal sections 311.102, 311.176, 311.300, 311.330, 311.360, 311.680 and 311.691, RSMo 1994, and section 311.070, RSMo Supp.1995, relating to intoxicating beverages, and to enact in lieu thereof nine new sections relating to the same subject, with penalty provisions."

The Stroh Brewery Company is an Arizona corporation and a licensed liquor solicitor in Missouri. In addition to making beer to be sold under its own label, Stroh manufactures beer for other beer wholesalers and contracts with other brewers to supply beer to be sold under the Stroh label. Stroh contends that the beer label provisions of H.C.S.S.B. 933 impose a burdensome new expense on Stroh because they force the brewer to modify the labels of beer products it both manufacturers for others and has manufactured for its use by contract with outside brewers.

Stroh claims that H.C.S.S.B. 933 violates Missouri Constitution article III, section 21 because the purpose of the bill that was finally passed (H.C.S.S.B.933) was different from the purpose of the bill that was introduced (S.B.933). Stroh further claims that H.C.S.S.B. 933 violates Missouri Constitution article III, section 23 because the bill contains several subjects. Stroh asks that the state be enjoined from enforcing all of the law's provisions.

The trial court determined that the challenged legislation did not violate the Constitution and entered judgment for the state. Stroh appealed. We have exclusive jurisdiction pursuant to Missouri Constitution article V, section 3.

## II.

Article III, sections 21 and 23 of the Missouri Constitution are procedural limitations on the legislative process. Section 21 provides, "no bill shall be so amended in its passage through either house as to change its original purpose." Section 23 provides, "[n]o bill shall contain more than one subject which shall be clearly expressed in its title. . . ."

■ We have discussed these constitutional provisions extensively in *Hammerschmidt v. Boone County,* 877 S.W.2d 98 (Mo. banc 1994); *Carmack v. Director, Missouri Department of Agriculture,* 945 S.W.2d 956 (Mo. banc 1997); and *Missouri Health Care Association v. Attorney General,* 953 S.W.2d 617 (Mo. banc 1997). There is no need to reiterate the background provided in those decisions other than to note that these constitutional limitations function in the legislative process to facilitate orderly procedure, avoid surprise, and prevent "logrolling," in which several matters that would not individually command a majority vote are rounded up into a single bill to ensure passage. Sections 21 and 23 also serve to keep individual members of the legislature and the public fairly apprised of the subject matter of pending

laws and to insulate the governor from "take-it-or-leave-it" choices when contemplating the use of the veto power.

■ The use of these procedural limitations to attack the constitutionality of statutes is not favored. A statute has a presumption of constitutionality. "[T]his Court interprets procedural limitations liberally and will uphold the constitutionality of a statute against such an attack unless the act clearly and undoubtedly violates the constitutional limitation." *Hammerschmidt,* 877 S.W.2d at 102.

## III.

Stroh's allegations that H.C.S.S.B. 933 violates article III, sections 21 and 23 focus upon the fact that the bill as initially introduced contained only one new section for chapter 311, RSMo, relating to the auction of vintage wine. Thus, Stroh argues that to add other provisions to the bill relating to liquor control alters the original purpose of the bill in violation of article III, section 21 and introduces multiple subjects within the bill in violation of article III, section 23. Stroh's arguments fail, however, because neither the original purpose as stated in S.B. 933 nor the subject of H.C.S.S.B. 933 can be so narrowly construed.

## A.

■ The original purpose of a bill must, of course, be measured at the time of the bill's introduction. At this time a bill's sponsor is faced with a double-edged strategic choice. A title that is broadly worded as to purpose will accommodate many amendments that may garner sufficient support for the bill's passage. Alternatively, a title that is more limited as to purpose may protect the bill from undesired amendments, but may lessen the ability of the bill to garner sufficient support for passage. Because we are required to uphold the constitutionality of a statute against attack unless the statute clearly and undoubtedly violates the constitution, only clear and undoubted language limiting purpose will support an article III, section 21 challenge.

■ The initial language of S.B. 933 was not so clearly and undoubtedly limited as to mandate a determination that H.C.S.S.B. 933 as passed violated article III, section 21. Even though the provisions contained in S.B. 933 related only to the auctioning of vintage wine, the title of the bill was not so limited. The title stated the purpose of the bill as "an act to amend chapter 311, RSMo, by adding one new section relating to the auction of vintage wine, with penalty provisions."

■ The use of the word "by" in the title of S.B. 933 is admittedly troublesome. While it might have been meant to convey exclusivity, such a construction is not clearly and undoubtedly so. When alternative readings of a statute are possible, we must choose the reading that is constitutional. *Spradlin v. City of Fulton,* 924 S.W.2d 259, 263 (Mo. banc 1996). By including the words, "an act to amend chapter 311, RSMo," without any further language of specific limitation, such as "for the sole purpose of," S.B. 933 gave fair notice to all concerned that the amendment of Missouri's liquor control law, chapter 311, was the purpose of S.B. 933.

■ "Article III, section 21 was not designed to inhibit the normal legislative processes, in which bills are combined and additions necessary to comply with the legislative intent are made." *Blue Cross Hospital Service, Inc. of Missouri v. Frappier,* 681 S.W.2d 925, 929 (Mo. banc 1984). The restriction is against the introduction of matter that is not germane to the object of the legislation or that is unrelated to its original subject. Alterations that bring about an extension or limitation of the scope of the bill are not prohibited; even new matter is not excluded if germane. *Lincoln Credit Co. v. Peach,* 636 S.W.2d 31, 38 (Mo. banc 1982).

All subsequent versions of the bill amended chapter 311 of the Missouri revised statutes. Thus, they were germane to "an act to amend chapter 311." The purpose of H.C.S.S.B. 933 has been consistent throughout its legislative history. The trial court's determination that H.C.S.S.B. 933 did not violate article III, section 21 of the Missouri Constitution was correct.

### B.

The test to determine if a bill contains more than one subject is whether all provisions of the bill fairly relate to the same subject, have a natural connection therewith or are incidents or means to accomplish its purpose. *Hammerschmidt,* 877 S.W.2d at 102; *Akin v. Director of Revenue,* 934 S.W.2d 295, 301 (Mo. banc 1996). The determination of whether a bill violates the article III, section 23 single subject requirement is made concerning the bill as it is finally passed. We look first to the title of the bill to determine its subject. *Carmack,* 945 S.W.2d at 959; *Hammerschmidt,* 877 S.W.2d at 102. Where an amorphous title to a bill renders its subject uncertain, but the party challenging the bill claims a "one subject" violation and not a "clear title" violation, the Court may determine the subject of the bill from either reference to the subjects of the Constitution, or the contents of the bill itself. *Carmack,* 945 S.W.2d at 960.

We need not look to either the subjects of the Constitution or the contents of the bill in this case because the title of the challenged bill is clear and certain. The title of H.C.S.S.B. 933 is "an act ... relating to intoxicating beverages ..." The bill's subject is consequently laws relating to intoxicating beverages. All eight of the sections repealed by H.C.S.S.B. 933 and all nine of the new sections created by the bill amend chapter 311 of the Missouri revised statutes. Provisions amending the liquor control chapter of the State code may be said to fairly relate to the bill's subject of "laws relating to intoxicating beverages." The circuit court's determination that H.C.S.S.B. 933 did not violate article III, section 23 of the Missouri Constitution was correct.

### IV.

The judgment of the trial court is affirmed.

All concur.

ROBERTSON and HOLSTEIN, JJ., not sitting.