MISSOURI ASSOCIATION OF CLUB
EXECUTIVES, INC., et al.,
Respondents,

v.

STATE of Missouri, Appellant.

No. SC 87154.

Supreme Court of Missouri,
En Banc.

Dec. 19, 2006.

Appeal from the Circuit Court of Cole County, Richard G. Callahan.

Thomas W. Rynard, Marc H. Ellinger, James B. Deutsch, Jefferson City, Richard T. Bryant, Kansas City, for respondents.

Jeremiah W. (Jay) Nixon, Atty. Gen., John P. Clubb, Asst. Atty. Gen., for appellant.

RONNIE L. WHITE, Judge.

## I. Introduction

The Missouri Association of Club Executives, Inc. (MACE) challenged the constitutionality of House Bill 972 (HB 972) on multiple grounds. The circuit court granted judgment in MACE's favor, and the state appealed. This Court has exclusive jurisdiction pursuant to article V, section 3, of the Missouri Constitution. The Court

holds that HB 972 violates article III, section 21, prohibiting changes in original purpose. The judgment of the circuit court is affirmed.

## II. Legislative and Procedural History

When HB 972 was first introduced on April 1, 2005, its purpose and title were stated as follows: "An Act to repeal sections 577.001, 577.023, RSMo, and 302.309 RSMo ..., and to enact in lieu thereof four new sections relating to *intoxication-related traffic offenses*, with penalty provisions." Specifically, section 302.309 was amended to limit driving privileges for intoxication-related offenders; new statutory definitions were added to sections 577.001 and 577.023; and a new section 565.022 created the crime of vehicular manslaughter. While under committee review, the amendments to section 302.309 were deleted, but otherwise the bill remained the same. This second version, titled "An Act to repeal sections 577.001 and 577.023, RSMo, and to enact in lieu thereof three new sections relating to *intoxication-related traffic offenses*, with penalty provisions," was passed out of committee April 19, perfected April 28, and passed by the House of Representatives May 3.

HB 972 was revised further in the Senate. When passed out of committee May 10, only one of the original sections of the bill was repealed and replaced (section 577.023 regarding definitions); the others were eliminated, and new sections were substituted relating to the sale of alcohol to minors, voluntary manslaughter, and endangering the welfare of a child. This third version of the bill was titled "an act to repeal sections 311.310, 565.024, 568.050, and 577.023, RSMo, and to enact in lieu thereof four new sections relating to *alcohol-related offenses*, with penalty provisions." On May 12, with the legislative session ending the next day, a final substitute bill was introduced repealing six sections, again only one of which was in the original version, and enacting thirteen new sections, of which only six originated from some earlier version of the bill. The other seven were new and unrelated to traffic or alcohol offenses. Three of the seven purported to regulate the adult entertainment industry. Specifically, proposed section 67.2540 defines terms ranging from "adult cabaret" to "sexually-oriented materials." Section 67.2546 prohibits private viewing rooms in adult entertainment establishments. Section 67.2552 prohibits nudity and certain sexual activities in such establishments. These three provisions are the subject of MACE's challenge.[1]

This fourth and final version of HB 972 containing the seven new sections was passed May 13, the last day of the legislative session, bearing the title "An Act to repeal sections 311.310, 565.024, 566.083, 568.050, 577.001, and 577.023, RSMo, and to enact in lieu thereof thirteen new sections relating to *crime*, with penalty provisions and an emergency clause for certain sections."

MACE sought declaratory judgment in Cole County asserting that HB 972 violates article III, sections 21 and 23 of the Missouri Constitution, prohibiting changes in original purpose and requiring single subjects with clear titles, and the first and fourteenth amendments of the U.S. Constitution guaranteeing free speech and equal protection. The circuit court ruled in

---

1. The other four proposals added to the bill on May 12 relate to the supervision of sex offenders and the crimes of child sexual misconduct, violating lifetime supervision, and tampering with electronic monitoring equipment. The constitutionality of these provisions of HB 972 is not before this Court. The Court expresses no opinion as to those sections.

MACE's favor, declaring the three provisions in question to be invalid, unenforceable, and severed from the remainder of HB 972.

### III. Standard of Review

An act of the legislature carries a strong presumption of constitutionality.[2] This Court resolves all doubts in favor of the procedural and substantive validity of legislative acts.[3] Attacks against legislative action founded on constitutionally imposed procedural limitations are not favored.[4] An act of the legislature must clearly and undoubtedly violate a constitutional procedural limitation before this Court will hold it unconstitutional.[5]

### IV. Discussion

Article III, section 21, of the Missouri Constitution provides that "no law shall be passed except by bill, and no bill shall be so amended in its passage through either house as to change its original purpose." Section 23 provides that "no bill shall contain more than one subject which shall be clearly expressed in its title . . ." As this Court has explained:

[T]he constitutional limitations [of Article III, sections 21 and 23] function in the legislative process to facilitate orderly procedure, avoid surprise, and prevent "logrolling," in which several matters that would not individually command a majority vote are rounded up into a single bill to ensure passage. Sections 21 and 23 also serve to keep individual members of the legislature and the public fairly apprised of the subject matter of pending laws and to insulate the governor from "take-it-or-leave-it" choices when contemplating the use of the veto power.[6]

*Original Purpose*

Original purpose refers to the general purpose of the bill.[7] The restriction is against the introduction of matter that is not germane to the object of the legislation or that is unrelated to its original subject.[8] The original purpose of a bill must be measured at the time of the bill's introduction.[9]

According to its earliest title and contents, HB 972's original purpose was to repeal and replace certain statutes involving alcohol-related traffic offenses. Subsequent revisions in the title and content to include certain non-traffic related alcohol offenses, such as the sale of alcohol to minors, added in the third version of the bill, could be viewed as logically connected and germane to the original purpose of the bill. However, the three provisions regulating adult entertainment that were added to the fourth version of the bill during the next-to-last day of the session were not remotely within the original purpose of the bill, but rather constitute a textbook example of the legislative log-rolling that section 21 is intended to prevent.

*Severability*

MACE sought severance of the three challenged provisions from the

**2.** *Carmack v. Director, Missouri Dept. of Agriculture*, 945 S.W.2d 956, 959 (Mo.1997), citing *Hammerschmidt v. Boone County*, 877 S.W.2d 98, 102 (Mo. banc 1994).

**3.** *Id.*

**4.** *Id.*

**5.** *Id.*

**6.** *Stroh Brewery Co. v. State*, 954 S.W.2d 323, 325–326 (Mo.1997).

**7.** *McEuen v. Missouri State Board of Education*, 120 S.W.3d 207, 210 (Mo.2003).

**8.** *Stroh Brewery* at 326.

**9.** *Id.*

remainder of the bill. This Court has an obligation to sever unconstitutional provisions of a statute unless the valid provisions of the statute are so essentially and inseparably connected with, and so dependent upon, the void provision that it cannot be presumed the legislature would have enacted the valid provisions without the void one; or unless the court finds that the valid provisions, standing alone, are incomplete and are incapable of being executed in accordance with the legislative intent.[10]

Here, the severance of the challenged sections from the remainder of the bill would not impact its other provisions. The circuit court's judgment as to severance is affirmed.

### V. Conclusion

Because MACE's original purpose challenge is dispositive, the remaining grounds for appeal need not be addressed. The judgment is affirmed.

All concur.

---

**10.** Section 1.140, RSMo 2000.