**Charles W. RENTSCHLER,
et al., Appellants,**

v.

**Jeremiah NIXON, et al.,[1] Respondents.**

**James Laney, Appellant,**

v.

**Jeremiah Nixon, et al., Respondents.**

**Nos. SC 90285, SC 90418.**

Supreme Court of Missouri,
En Banc.

April 6, 2010.

As Modified on Denial of Rehearing
May 11, 2010.

1. Originally, Rentschler brought suit against Gov. Matt Blunt, then governor of Missouri. The party has been changed to reflect the current governor. Rule 52.13(d).

Charles W. Rentschler, pro se.

Caleb M. Lewis, Attorney General Office, Jefferson City, for Appellant in SC 90285.

James Laney, pro se.

Andrew W. Hassell, Attorney General Office, Jefferson City, for Appellant in SC 90418.

WILLIAM RAY PRICE, JR., Chief Justice.

## I. Introduction

Appellants in both cases are groups of inmates claiming that a legislative amendment removing conditional release eligibility for inmates convicted of certain violent felonies violated the Missouri and federal constitutions. The inmates claim that the law violates the ex post facto clause, substantive due process and the Missouri prohibition of laws with retrospective operation and that the bills were passed with constitutionally deficient procedure. Both trial court decisions upheld the statute as constitutional and dismissed the appellants' claims. Both judgments are affirmed.

## II. Facts

The facts are not in dispute. A jury convicted Charles Rentschler, Kenneth G. Charron and Roger Nolan (collectively "Rentschler") various violent felonies and each was sentenced to life in prison. James Laney ("Laney") was convicted of aggravated rape and sentenced as a persistent offender to 30 years without the possibility of probation or parole.

When all were sentenced, the conditional release statute, section 558.011, RSMo 1978, was silent regarding whether violent felons were eligible for conditional release. In 1990, well after all appellants were convicted, the legislature amended section 558.011 making conditional release inapplicable to those convicted of "dangerous felonies as defined in section 556.061." Sec. 558.011, RSMo Supp. 1990. Section 556.061 includes the felonies applicable to Rentschler's group and "forcible rape," which applies to Laney. Section 556.061.8, RSMo Supp. 2008. Both Laney and Rentschler argue that this amendment violates various constitutional provisions.

First, both argue that the amendment violates substantive due process under the 14th amendment of the United States Constitution by "adding additional time of incarceration." Second, Rentschler argues that the amendment changed the subject matter of section 558.011 and also contains multiple subjects in violation of article III, sections 21 and 23 of the Missouri Consti-

tution. Third, Laney argues that the amendment is an ex post facto law violating the federal and Missouri constitutions. Fourth, and finally, both argue that the amendment violates the prohibition on laws retrospective in operation under article I, section 13 of the Missouri Constitution.

The trial court granted judgment on the pleadings in favor of the state in both cases, finding section 558.011 valid under the United States and Missouri constitutions. Both judgments are affirmed.

## III. Analysis

### A. Standard of Review

 This Court has exclusive appellate jurisdiction over challenges to the validity of a state statute. Mo. Const. art. V, sec. 3. Constitutional challenges to a statute are reviewed *de novo*. *Franklin County ex rel. Parks v. Franklin County Comm'n*, 269 S.W.3d 26, 29 (Mo. banc 2008). A statute is presumed valid and will not be held unconstitutional unless it clearly contravenes a constitutional provision. *Doe v. Phillips*, 194 S.W.3d 833, 841 (Mo. banc 2006). The person challenging the validity of the statute has the burden of proving the act clearly and undoubtedly violates the constitutional limitations. *Trout v. State*, 231 S.W.3d 140, 144 (Mo. banc 2007).

### B. Substantive Due Process

First, Laney and Rentschler argue that the retroactive application of the conditional release modification violates substantive due process.

 "There is no constitutional or inherent right to early release from prison." *State ex rel. Cavallaro v. Groose*, 908 S.W.2d 133, 134 (Mo.1995) *citing Greenholtz v. Inmates of Neb. Penal and Correctional Complex*, 442 U.S. 1, 7, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979). Conditional release is unknown to the common law; it derives solely from the statutory authority that created it. "[W]here the right exists only by state law, *it is not protected by substantive due process* and 'may constitutionally be rescinded so long as the elements of procedural due process are observed.' " *State ex rel. Cavallaro v. Groose*, 908 S.W.2d 133, 135, 136 (Mo. banc 1995) *citing McKinney v. Pate*, 20 F.3d 1550, 1556 (11th Cir. banc 1994) (emphasis added). Point denied.

### C. Original Subject and Multiple Subjects

Second, Rentschler argues that House Bill 974, the 1990 bill that amended section 558.011, changed the "original purpose" of that section because it amended a "sentencing" statute, changing it to a "procedural" statute in violation of article III, section 21 of the Missouri Constitution (Point III). He also alleges that House Bill 974 contained multiple subjects violating of article III, section 23 because it deals with both sentencing and conditional release (Point IV).

 "The use of these procedural limitations [secs. 21 through 23] to attack the constitutionality of statutes is not favored." *Stroh Brewery Co. v. State*, 954 S.W.2d 323, 326 (Mo. banc 1997). "This Court will resolve doubts in favor of the procedural and substantive validity of an act of the legislature." *Hammerschmidt v. Boone County*, 877 S.W.2d 98, 102 (Mo. banc 1994).

As Judge Holstein observed in *Hammerschmidt's* concurrence, there is necessarily a time limitation for these constitutional challenges to "strike a balance between the citizen's right to insist that the legislature comply with constitutional procedural safeguards ... and the strong

presumption of regularity of legislative proceedings that promotes stability and finality of legislative enactments." *Hammerschmidt*, 877 S.W.2d at 105 (Holstein, J. concurring).[2]

A claim must be "raised not later than the adjournment of the next full regular legislative session following any person being aggrieved." *Id.* "In no event could such claims be raised later than ten years after the bill complained of becomes effective." *Id. citing* sec. 516.110(3), RSMo 1986.[3] Here, Rentschler complains about House Bill 974, a 1990 legislative enactment, well outside any reasonable time to bring these claims.[4] His claim is time-barred equitably. However, even if this Court were to reach the substantive merits of his claims, Rentschler articulates no cognizable claim to relief.

Rentschler's argument under article III, section 21 misconstrues the nature of that constitutional provision. That provision provides that "no bill shall be so amended in its passage through either house as to change its original purpose." Mo. Const. art. III, sec. 21. A proper claim requires comparison between the purpose of the bill as introduced and the bill as actually passed. *Lincoln Credit Co. v. Peach*, 636 S.W.2d 31, 38 (Mo. banc 1982). Rentschler makes no such comparison. Instead, he claims that House Bill 974 changed the purpose of the enacted 1978 version of section 568.011. This claim is without merit.

Section 23 mandates that "no bill shall contain more than one subject." Mo. Const. art. III, sec. 23. "The test to determine if a bill contains more than one subject is whether all provisions of the bill fairly relate to the same subject, have a natural connection therewith or are incidents or means to accomplish its purpose." *Stroh Brewery*, 954 S.W.2d at 327; *Hammerschmidt*, 877 S.W.2d at 102; *Akin v. Director of Revenue*, 934 S.W.2d 295, 301 (Mo. banc 1996). To determine the purpose, the Court looks first to the title of the bill. *Stroh Brewery*, 954 S.W.2d at 327; *Carmack v. Director, Missouri Dept. of Agriculture*, 945 S.W.2d 956, 959 (Mo. banc 1997). The title gives a sequence of statutes being repealed and replaced, all "relating to the department of corrections." 1990 Mo. Laws 749.

Rentschler argues that because the bill deals with both sentencing terms and con-

---

**2.** Although titled as such, Judge Holstein's concurrence was joined by a majority of his colleagues. However, it was dicta, because the reasoning was not necessary to *Hammerschmidt's* holding.

**3.** Our legislature adopted Judge Holstein's concurrence in sec. 516.500, RSMo 2000, as a statute of limitation. As the statute of limitations is an affirmative defense, the State's failure to plead it precludes its use. *Lynch v. Lynch*, 260 S.W.3d 834 (Mo. banc 2008). Although the legal bar of the statute may not be raised procedurally, the doctrine of laches may still operate to bar such unreasonably tardy claims as is the case presently. " 'Laches' is neglect for unreasonable and unexplained length of time, under circumstances permitting diligence, to do what in law should have been done." *Hagely v. Board of Educ. of Webster Groves School Dist.* 841 S.W.2d 663, 669 (Mo. banc 1992). "Laches in equity is a doctrine which partakes in nature of the legal statutory limitation, but is not governed as to time by such statute." *Tokash v. Workmen's Compensation Com'n*, 346 Mo. 100, 139 S.W.2d 978, 984 (1940).

**4.** This use of laches to bar untimely constitutional challenges to an enactment's procedure has found support in many jurisdictions. *See e.g. Schulz v. State*, 81 N.Y.2d 336, 599 N.Y.S.2d 469, 615 N.E.2d 953, 958 (1993); *Stilp v. Hafer*, 553 Pa. 128, 718 A.2d 290, 292–93 (1998); *Cole v. State ex rel. Brown*, 308 Mont. 265, 42 P.3d 760, 763 (2002); *Franklin County v. Burdick*, 103 N.C.App. 496, 405 S.E.2d 783, 785 (1991).

ditional release terms, the bill contains multiple subjects. This is not so. Both conditional release and sentencing are subjects "relating to the department of corrections," the overall purpose and subject matter of the bill. H.B. 974 does not violate section 23 of article III.

Rentschler fails to timely assert his claim and fails to meet his burden overcoming the presumption that H.B. 974 followed constitutionally proper procedure. Both points are denied.

### D. Ex Post Facto Laws

Third, Laney argues that the amendment to section 558.011 is an ex post facto law. The federal and Missouri constitutions prohibit ex post facto laws. U.S. Const. art. I, sec. 10, cl. 1; Mo. Const. art I, sec. 13. However, ex post facto laws only affect criminal matters—in this case, the sentence that appellants received. *See Galvan v. Press,* 347 U.S. 522, 74 S.Ct. 737, 98 L.Ed. 911 (1954); *See Mahler v. Eby,* 264 U.S. 32, 44 S.Ct. 283, 68 L.Ed. 549 (1924). Section 558.011 specifically bifurcates a conviction into "a sentence term" (which would be germane to an ex post facto consideration) and "a conditional release term" (which is not germane).

Any modification of the *conditional* term cannot affect the *sentence* term originally imposed against Laney and Rentschler. Rentschler's *sentence* term before and after the 1990 amendment was life in prison. Laney's *sentence* term before and after the 1990 amendment was 30 years in prison. Nothing in the amendment to section 558.011 changes those sentence terms, so there can be no violation of the ex post facto clause. Point denied.

### E. Retrospective Operation

Laney and Rentschler both argue that the amended section 558.011 violates Missouri's prohibition on retrospective laws. Mo. Const. Art. I, sec. 13. The Missouri prohibition on retrospective laws is broader than the federal proscription of ex post facto laws. The section prohibits a law that "creates a new obligation, imposes a new duty, or attaches a new disability with respect to transactions or considerations already past." *F.R. v. St. Charles County Sheriff's Dept.,* 301 S.W.3d 56, 61 (Mo. banc 2010); *Squaw Creek Drainage Dist. v. Turney,* 235 Mo. 80, 138 S.W. 12, 16 (Mo.1911). It also prohibits a law that impairs a vested right. *Id.*

The board of probation and parole has plenary discretion in granting conditional release. Subsection 5 of both iterations of the statute clearly state that "[t]he date of conditional release from the prison term may be extended up to a maximum of the entire sentence of imprisonment by the board of probation and parole." Section 558.011, RSMo Supp.1990 and RSMo 1978. There are no limitations, conditions or carve outs.

The conditional release statute vests a right in the board of probation and parole to use the conditional release program as a way to manage the department of corrections' prison populations. The inmates have no right of conditional release until the board actually issues a date for conditional release. *Cooper v. Holden,* 189 S.W.3d 614 (Mo.App.2006). Because none of the claimants in either case had been issued such a date by the board, their claim to a vested right fails as a matter of law.

Likewise, the law does not create a new disability. The board always has retained plenary discretion as to whether to issue a conditional release date. The board's *consideration* of granting conditional release to any of the inmates was a mere possibility, nothing more. It is insufficient to sup-

port a claim for the creation of a disability. Section 558.011 does not offend section 13 of article I. Point denied.

### IV. Conclusion

Claimants have not met their burden of establishing section 558.011 as unconstitutional. Both trial court judgments are affirmed.

All concur.