Michelle SCHAEFER,
et al., Appellants,

v.

Christopher KOSTER, Attorney
General of the State of
Missouri, Respondent.

No. SC 91130.

Supreme Court of Missouri,
En Banc.

June 14, 2011.

Jeremy D. Hollingshead, Carl M. Ward, Ward Hollingshead, Washington, MO, Jeffrey S. Eastman, Keleher & Eastman, Gladstone, for the Drivers.

Deputy Solicitor General Jeremiah J. Morgan, Attorney General's Office, Jefferson City, for the State.

RICHARD B. TEITELMAN, Judge.

Michelle Schaefer, Cindy Brandt and Dale Price (plaintiffs) were charged with intoxication-related driving offenses. Each plaintiff had prior convictions for intoxication-related driving offenses.

Plaintiffs filed a consolidated petition for a declaratory judgment asserting that the enhanced penalty provisions of section 577.023, RSMo Supp.2008, violate article III, sections 21 and 23 of the Missouri Constitution. The circuit court dismissed the petition. The judgment is affirmed.

### FACTS

Plaintiffs were convicted of intoxication-related offenses on multiple occasions. On July 3, 2008, House Bill 1715 became effective, repealing and reenacting section 577.023, which pertains to enhanced penalties for individuals with multiple prior convictions for intoxication-related driving offenses. Following the re-enactment of section 577.023 in HB 1715, each plaintiff again was arrested for a new intoxication-related driving offense.

While the new criminal charges were pending, plaintiffs filed a consolidated petition for a declaratory judgment that HB 1715 and section 577.023 are unconstitutional. The trial court entered a final judgment dismissing plaintiffs' petition on grounds that the constitutional issues should be addressed in the course of each plaintiff's criminal case.

In this appeal, plaintiffs argue that the trial court erred in dismissing their declaratory judgment action and in overruling their motion for summary judgment.

### ANALYSIS

◼ The declaratory judgment act, section 527.010, RSMo 2000, vests trial courts with the power to "to declare rights, status, and other legal relations whether or not further relief is or could be claimed." A court may grant a declaratory judgment if presented with: (1) a justiciable controversy that presents a real, substantial, presently existing controversy admitting of specific relief, as distinguished from an advisory decree upon a purely hypothetical situation; (2) a plaintiff with a legally protectable interest at stake, consisting of a pecuniary or personal interest directly at issue and subject to immediate or prospective consequential relief; (3) a controversy ripe for judicial determination; and (4) an inadequate remedy at law. *Mo. Soybean Ass'n v. Mo. Clean Water Comm'n*, 102 S.W.3d 10, 25 (Mo. banc 2003). The trial court is afforded wide discretion in administering the provisions of the declaratory judgment act. *City of St. Louis v. Crowe*, 376 S.W.2d 185, 189 (Mo.1964).

◼ In this case, the trial court properly exercised its discretion to dismiss plaintiffs' declaratory judgment petition because each plaintiff had an adequate remedy at law. When plaintiffs filed their declaratory judgment petition, each had the option of raising as a defense the alleged unconstitutionality of HB 1715 and section 577.023. "[W]here [the] alternative remedy is a pending suit, there is even greater justification to apply the rule against allowing declaratory judgment actions." *Am. Family Mut. Ins. Co. v. Nigl*, 123 S.W.3d 297, 302 (Mo.App. 2003). In other words, as stated in the trial court's judgment, the "constitutional issues should be litigated (if at all) by each plaintiff in each separate criminal case." [1] The trial court did not abuse its discretion in dismissing plaintiffs' petition. Because the trial court properly dismissed the declaratory judgment petition, there is no need to address plaintiffs' argument

---

1. Section 516.500, which places a limit upon when an "action" can be "commenced, had or maintained" to challenge procedural irregularities in the enactment of a law, does not apply to a criminal defendant who raises a challenge to the statute as a defense in the criminal case.

that they are entitled to summary judgment as a matter of law. The judgment is affirmed.[2]

PRICE, C.J., RUSSELL, WOLFF, BRECKENRIDGE and STITH, JJ., concur.

FISCHER, J., dissents in separate opinion filed.

ZEL M. FISCHER, Judge, dissenting.

I respectfully dissent from the principal opinion because I disagree that Cindy Brandt has an adequate remedy at law. The statutory purpose of a declaratory judgment action is to "afford relief from uncertainty and insecurity with respect to rights, status and other legal relations." Section 527.120, RSMo 2000.[1] The principal opinion does not serve that purpose and ignores the statute of limitations set out in § 516.500, which precludes Brandt (or anyone else for that matter) from successfully raising the valid defenses based on article III, sections 21 and 23, of the Missouri Constitution in her criminal case. In my opinion, the 2008 version of § 577.023.16 is unconstitutional because it violates the clear title, original purpose, and single subject provisions of the Missouri Constitution.

**Facts**

Michelle Schaefer, Cindy Brandt, and Dale Price, the Appellants, filed a consolidated petition for declaratory judgment in Cole County in May 2009. The petition sought to declare House Bill (HB) 1715 unconstitutional. HB 1715 became effective July 3, 2008, and it repealed and reenacted § 577.023. The portion of HB 1715 that is challenged was enacted as § 577.023.16 and allowed for the admission of evidence regarding the defendant's prior pleas and sentences to intoxication-related traffic offenses when the pleas were made in a municipal division and resulted in a suspended imposition of sentence. This evidence could support an enhanced penalty if Appellants are found to be aggravated, chronic, persistent, or prior offenders.

Appellants' petition sought declaratory judgment because "the State of Missouri may seek, has threatened to seek, or has already sought prior, persistent, aggravated, or chronic offender enhancement status under § 577.023." It then argued that § 577.023 is unconstitutional because it is part of a bill titled "[a]n Act to repeal ... [several sections of legislation] and to enact ... twenty new sections relating to watercraft ..." and, therefore, violates Mo. Const. article III, sections 21 and 23. Specifically, the Appellants contended that HB 1715 was changed after its introduction, that the bill includes more than one subject, and that the title does not fairly apprise members of the legislature and the public of its subject.

The challenged provision, § 577.023.16, RSMo Supp. 2008, was repealed and reenacted with nearly identical provisions by HB 62 on July 9, 2009.[2] Appellants do not challenge HB 62, but rather only the 2008 version, HB 1715. Therefore, the practical impact of this decision may not affect a significant number of intoxication-related

---

2. After the final judgment of dismissal was entered, and while this appeal was pending, plaintiffs Schaefer and Price pleaded guilty. The guilty pleas render Schaefer's and Price's claims moot as there is no presently existing controversy. Plaintiff Brandt's criminal case still is pending and is not moot.

1. All statutory references are to RSMo 2000 unless otherwise indicated.

2. The members of the General Assembly likely recognized the constitutional infirmity of HB 1715.

traffic offense cases, but it will have a significant impact on Cindy Brandt.

The Attorney General defended the constitutionality of HB 1715 because the Attorney General is the proper party to defend the constitutionality of a statute. If a declaratory judgment action challenges the constitutionality of a statute, "the attorney general of the state shall also be . . . entitled to be heard." Section 527.110. Additionally, the Attorney General represents the State of Missouri on the appeal of felony convictions. Section 547.260.

After Appellants filed their petition, the State filed a motion to dismiss. The trial court overruled the motion. Both parties then filed motions for summary judgment and an agreed statement of uncontroverted material facts. Thereafter, the trial court entered its final judgment in this case sustaining the State's motion for summary judgment, overruling Appellants' motion for summary judgment, and dismissing Appellants' petition with prejudice. The written judgment did not discuss the issue of whether HB 1715 was unconstitutional; instead, it overruled Appellants' motion because they did not establish " 'a personal stake in the outcome' necessary to make their constitutional claims litigable . . . and because these constitutional issues should be litigated (if at all) by each [Appellant] in each separate criminal case."

Both Schaefer and Price pled guilty, rendering their claims moot.[3] Therefore, Cindy Brandt is the only appellant whose criminal case remains pending. Brandt was arrested April 15, 2009; charged on May 11, 2009, in St. Charles County; and her first court appearance for arraignment was not until June 25, 2009.

## Analysis

Mo. Const. article III, section 21, prohibits amending any bill through its passage in either house as to change its original purpose. Article III, section 21, states in pertinent part, "[n]o law shall be passed except by bill, and no bill shall be so amended in its passage through either house as to change its original purpose." Article III, section 23, states in pertinent part that "[n]o bill shall contain more than one subject which shall be clearly expressed in its title. . . ." "The purpose of these two sections is 'to keep individual members of the legislature and the public fairly apprised of the subject matter of pending laws and to insulate the governor from 'take-it-or-leave-it' choices when contemplating the use of the veto power.' " *C.C. Dillon Co. v. City of Eureka,* 12 S.W.3d 322, 326 (Mo. banc 2000) (quoting *Stroh Brewery Co. v. State,* 954 S.W.2d 323, 325–26 (Mo. banc 1997)). Together, these constitutional limitations "function in the legislative process to facilitate orderly procedure, avoid surprise, and prevent 'logrolling' in which several matters that would not individually command a majority vote are rounded up into a single bill to ensure passage." *Stroh Brewery Co.,* 954 S.W.2d at 325.

## Violation of the Clear Title Limitations

"If the title of a bill contains a particular limitation or restriction, a provision that

---

**3.** On October 8, 2010, Schaefer pleaded guilty to a class C felony of DWI and was sentenced to five years in prison as an aggravated DWI offender in exchange for a recommendation for a suspended execution of sentence, five years probation, and her completion of DWI court. On August 25, 2010, Price pleaded guilty to a class B misdemeanor and received a suspended imposition of sentence despite his two prior municipal DWI offenses because the prosecutor did not seek to enhance his penalty. By making plea agreements in these two cases, which did not subject these two defendants to the punishment enhancement of HB 1715, the issue of HB 1715's constitutionality was avoided.

goes beyond the limitation in the title is invalid because such title affirmatively misleads the reader." *Fust v. Attorney General*, 947 S.W.2d 424, 429 (Mo. banc 1997). The rule is that the title to a bill cannot be underinclusive. *National Solid Waste Management Ass'n v. Dir. of the Dep't of Natural Resources*, 964 S.W.2d 818, 821 (Mo. banc 1998).

Here, as finally passed, HB 1715's title was described as being "related to watercraft." Obviously, HB 1715's title does not clearly describe a bill that includes penalty enhancement concerning the operation of motor vehicles while under the influence of alcohol. No reasonable person could read "related to watercraft" and believe or suspect that somewhere in the bill there was a provision relating to criminal conduct that occurs on land while operating a motor vehicle.

### Violation of Original Purpose Limitation

The original purpose of the bill must, of course, be measured at the time of the bill's introduction. *C.C. Dillon Co.*, 12 S.W.3d at 327 (Mo. banc 2000). As introduced, HB 1715 related to "watercraft." While the breadth of the term "watercraft" is self-evident, it is not so pervasive as to include redefining the statutory term "conviction" as it is used to characterize prior acts necessary to enhance the punishment of one who operates a motor vehicle on the highways of this state while in an impaired condition, as was done with the bill's amendment to § 577.023.16. No reasonable person would be "fairly apprised" by the title of HB 1715 that it changes the criminal law and what constitutes a conviction for purposes of enhancing punishment for those operating motor vehicles in an impaired condition on land.

### Violation of the Single Subject Rule

"No bill shall contain more than one subject which shall be clearly expressed in its title." Mo. Const. article III, section 23. The main test for determining if a bill violates the single subject rule is laid out in *Hammerschmidt v. Boone County*, 877 S.W.2d 98, 102 (Mo. banc 1994): "a 'subject' within the meaning of article III, section 23, includes all matters that fall within or reasonably relate to the general core purpose of the proposed legislation." However, "the single subject test is not whether individual provisions of a bill relate to each other." The constitutional test focuses on the subject set out in the title. "The dispositive question in determining whether a bill contains more than one subject is whether all provisions of the bill fairly relate to the same subject, have a natural connection therewith, or are incidents or means to accomplish its purpose." *Fust*, 947 S.W.2d at 428.

In *Hammerschmidt*, the original purpose and single subject core of the bill was to "amend laws relating to elections." 877 S.W.2d at 103. The bill was amended during the legislative process to include a change to the form of county government, specifically to allow counties that met certain qualifications to adopt a county constitution. *Id.* This Court held "the bill sent by the legislature to the governor contained two subjects." *Id.* This Court further held "[t]he amendment authorizing a county to adopt a county constitution does not fairly relate to elections, nor does it have a natural connection to that subject." *Id.*

Here, as finally passed, HB 1715 carried the title "An Act To repeal sections ... and to enact in lieu thereof twenty-two new sections relating to watercraft, with a penalty provision and emergency clause for a certain section." The original purpose and single subject core of this bill, as

reflected in the title, was to amend the state's watercraft laws. Like in *Hammerschmidt*, HB 1715 was amended to include a second subject, namely new penalty provisions relating to the operation of motor vehicles on land. This second subject does not fairly relate to watercraft, nor does it have a natural connection to that subject.

## Statute of Limitations

Section 516.500 [4] states:

No action alleging a procedural defect in the enactment of a bill into law shall be commenced, had or maintained by any party later than the adjournment of the next full regular legislative session following the effective date of the bill as law, unless it can be shown that there was no party aggrieved who could have raised the claim within that time. In the latter circumstance, the complaining party must establish that he or she was the first person aggrieved or in the class of first persons aggrieved, and that the claim was raised not later than the adjournment of the next full regular legislative session following any person being

aggrieved. In no event shall an action alleging a procedural defect in the enactment of a bill into law be allowed later than five years after the bill or the pertinent section of the bill which is challenged becomes effective.

It is well settled that the challenges to the constitutionality of a statute based on article III, sections 21 and 23, are procedural defects governed by § 516.500.[5] *See Hammerschmidt*, 877 S.W.2d at 101 (noting that constitutional challenges based on article III, sections 21 and 23, are alleged procedural defects in the enactment of a bill). Brandt did not and would not have been able to raise the procedural defects in the enactment of this statute as a defense in her criminal case before the statute of limitations had run. Brandt was charged on May 11, 2009, before the legislative session ended and the statute of limitations ran. The earliest opportunity for Brandt to raise this defense would have been her arraignment, which was after the statute had run.[6]

Moreover, Brandt cannot rely on either express exception to this statute of limita-

---

**4.** The principal opinion's conclusion, in footnote 1, that § 516.500 does not apply to a criminal defendant who raises a constitutional challenge as a defense was not briefed or argued by either party in this case nor any other case. The conclusion cites no authority and is contrary to the unambiguous language of § 516.500. "Action" is not defined in the statute, and Black's Law Dictionary defines the term as "[t]he process of doing something; conduct or behavior." (9th ed. 2009). The conclusion that "action" only applies to filing a lawsuit to contest the constitutionality of a statute is a strained reading of the statute, ignoring the plain meaning of the words. *See Parktown Imports, Inc. v. Audi of America, Inc.*, 278 S.W.3d 670, 672 (Mo. banc 2009) ("This Court's primary rule of statutory interpretation is to give effect to legislative intent as reflected in the plain language of the statute at issue."). Further, the conclusion is also contrary to this Court's recent unanimous opinion in *Rentschler v. Nixon*, 311

S.W.3d 783, 787 n. 3 (Mo. banc 2010) holding that § 516.110 is a statute of limitations and as such is an affirmative defense that must be timely raised or it is waived.

**5.** This statute of limitations was patterned after the concurring opinion authored by Judge Holstein in *Hammerschmidt*, which was joined by a majority of the members of this Court.

**6.** Although Appellants stipulated that "[i]n each of the most recent criminal prosecutions against Appellants for driving while intoxicated, Appellants have argued or could argue as a defense that House Bill 1715 and Section 577.023 RSMo, under which the State seeks enhanced offender status, are unconstitutional," the stipulation is of no consequence. "A party cannot stipulate to issues of law." *Junior College Dist. of St. Louis v. City of St. Louis*, 149 S.W.3d 442, 446 n. 1 (Mo. banc 2004).

tions because she cannot show there was no party aggrieved who could have raised the claim within the time set out in § 516.500. This is evident because Schaefer and Price, in addition to Brandt, raised this claim in this declaratory judgment action. It is highly likely that statutes enacted in this constitutionally procedurally defective manner will completely avoid review in situations similar to this one. If a criminal defendant raises such a defense after being charged but later opts to plead guilty, as Price and Schaefer did, that defendant will have precluded all other defendants from raising the constitutional infirmity within the statutory time limit.

The State seeks to avoid a discussion regarding the constitutional merits of this provision and contends that the 2008 version of § 577.023.16 is a procedural law rather than a substantive law and, therefore, it would not be applied to Brandt's criminal case, and her claim is moot.[7] The State contends the later constitutionally enacted 2009 version of § 577.023.16, which is identical, would be applied to Brandt. Procedural laws prescribe a method of enforcing rights; whereas substantive laws create, define, and regulate rights. *Wilkes v. Missouri Highway & Transp. Comm'n*, 762 S.W.2d 27, 28 (Mo. banc 1988). If the 2008 version of § 577.023.16 is applied to Brandt, and it increases her range of punishment, thereby affecting her substantive rights, then this Court's prior case law holds that it would constitute an *ex post facto* violation. *State ex rel. Cavallaro v. Groose*, 908 S.W.2d 133, 135–36 (Mo. banc 1995).

This Court faced a similar but distinguishable issue in *State v. Acton*, 665 S.W.2d 618 (Mo. banc 1984). In *Acton*, a driver pled guilty to driving while intoxi-

cated in 1975 and again in 1979. After the second plea, the General Assembly changed the law to enhance the punishment for a third conviction for driving while intoxicated. *Id.* After the new law took effect, the driver committed a third offense and was sentenced under the new law. *Id.* On appeal, the driver argued the new law, as applied to him, violated the *ex post facto* clause. *Id.* This Court held that the new law did not punish the driver for his prior convictions, but rather punished him as a repeat offender for his third offense on the basis of a demonstrated propensity for driving while intoxicated. *Id.* at 619.

The court of appeals subsequently analyzed *Acton* in the context of a factually similar but distinguishable case in *State v. Coomer*, 888 S.W.2d 356 (Mo.App.1994). In *Coomer*, the defendant had pled guilty to three intoxication-related traffic offenses before his arrest for a fourth offense in 1992. The defendant was tried as a persistent offender, and the court had to decide which law applied in determining whether the defendant was a persistent offender—the statute in effect at the time of the offense or that in effect at the time of trial. *Id.* at 359. The court held that the statute in effect at the time of the offense applied because the later version would have subjected the defendant to more severe punishment than that in effect at the time of the offense. *Id.* at 360.

The court in *Coomer* explained that, in *Acton*, the new law took effect before the commission of the offense for which the defendant was tried; whereas, in *Coomer*, the new law took effect after the commission of the offense for which the defendant was tried. *Id.* at 359. The court in *Coomer* relied on this distinction, noting that the law in effect at the time of the offense

---

7. Notably, counsel for the State, who has an obligation to be candid with this Court, does not argue that HB 1715 was constitutionally enacted, but rather makes a procedural argument to avoid a discussion of the constitutional merits of HB 1715.

prescribed a lesser punishment than that in effect at the time of trial; whereas, in *Acton*, the "same consequences would have attached to his earliest plea upon subsequent convictions as did attach under the new statute." *Acton*, 665 S.W.2d at 620.

Like *Acton*, HB 1715 took effect before Brandt committed the offense. But the issue here is complicated by the constitutional infirmity of HB 1715. If HB 1715 is unconstitutional, which the above discussion demonstrates, the immediately proceeding statute would come into force automatically and apply to Brandt. *State ex rel. Daily Record Co. v. Hartmann*, 299 Mo. 410, 253 S.W. 991 (Mo. banc 1923).[8] The statute immediately preceding HB 1715 did not permit municipal intoxication-related traffic offenses resulting in a suspended imposition of sentence to be used for the purpose of enhancing punishment for a subsequent intoxication-related traffic offense. *Turner v. State*, 245 S.W.3d 826, 829 (Mo. banc 2008). Therefore,

Brandt would face a lesser range of punishment if HB 1715 were found unconstitutional and the 2005 version of § 577.023.16 were applied to her before the provisions of HB 62 became effective. Therefore, Brandt's substantive rights are affected by her constitutional challenge.

### Severance of Unconstitutional Provisions

Under the current state of the law, I would sever the provision of HB 1715 that became § 577.023.16 and declare that provision, which does not relate to watercraft unconstitutional under article III, sections 21 and 23, as clearly demonstrated above. When the procedure by which the legislature enacted a bill violates the constitution, severance is appropriate when this Court is convinced beyond a reasonable doubt that the specific provisions in question are not essential to the efficacy of the bill. *Hammerschmidt*, 877 S.W.2d at 103–04.[9] It cannot be said that the provision that

---

**8.** This follows because the general rule is that unconstitutional statutes are void *ab initio*. *State ex rel. Bloomquist v. Schneider*, 244 S.W.3d 139, 143 (Mo. banc 2008). *See also State v. Olinghouse*, 605 S.W.2d 58, 63 (Mo. banc 1980) (noting unconstitutionality would nullify amendment); *Williams Lumber & Manufacturing Co. v. Ginsburg*, 347 Mo. 119, 146 S.W.2d 604, 605 (1940) (holding that if a new statutory section is unconstitutional, the repealing clause is likewise invalid, and the old section remains in force).

**9.** It has been persuasively articulated that the judicially created doctrine of severance from the *Hammerschmidt* decision was a bad concept and in fact does damage to the legislative process and the doctrine of separation of powers. For example, a University of Pittsburgh Law Review article studied many state single subject provisions from around the nation and outlined a compelling case for striking down an entire bill. The author noted, "[w]ith respect to riders, severing them fails to provide legislators with an incentive not to engage in this behavior" and, in fact, "encourages legislators to attach riders." *Single Subject Rules and the Legislative Process*, 67

U. Pitt. L.Rev. 803, 867 (2006). The rationale for this argument is that these unrelated provisions, if detected, "will simply be removed and can be reattached to another bill," resulting in minimal political backlash. *Id.* However, "if the presence of a rider leads to invalidation of an entire bill, legislators who attached the rider will pay a higher price." *Id.* That is, "other legislators, whose hard-fought political bargain was undone because of the rider, may be incensed and less likely to bargain with the culprits, and citizens may be enraged by the delay or failure to enact important legislation." *Id.* Therefore, "[f]ear of these penalties may prevent riders from being attached in the first place." *Id.*

A recent University of Missouri Law Review article gave another reason the doctrine of severance set out in *Hammerschmidt* is problematic, stating:

Another argument in favor of striking down the entire bill as unconstitutional is motivated by a desire to protect the separation of powers between the legislature and the judiciary. Since legislation is often the result of much debate and political tradeoffs,

changes the law enhancing punishment for those operating motor vehicles on land is so essential to the efficacy of HB 1715, relating to watercraft, that the legislature would not have passed the bill without it. Nor can it be said that the valid provisions, standing alone, are incomplete or incapable of being executed in accordance with legislative intent without the void provision. Because this Court presumes severability, the challenged provisions, if unconstitutional, would be severed from the bill and the remainder would remain intact. *See Hammerschmidt* at 103–04; *Rizzo v. State*, 189 S.W.3d 576 (Mo. banc 2006) (severing a section of a bill prohibiting federal criminals from running for office because this section violated the single subject requirement where the subject of the bill was "relating to political subdivisions"); *Missouri Ass'n of Club Executives v. State*, 208 S.W.3d 885 (Mo. banc 2006) (severing portions of a bill governing "intoxication-related traffic offenses" that related to adult entertainment because they violated the original purpose requirement); *National Solid Waste Management Ass'n v. Director of Dept. of Natural Resources*, 964 S.W.2d 818 (Mo. banc 1998) (severing a section of a bill relating to hazardous waste because it was a clear title violation where the title of the bill was "relating to solid waste management").

### Conclusion

I would reverse the trial court's entry of summary judgment because Cindy Brandt is time barred by the clear, plain, and express language of § 516.500 from raising a defense based on article III, sections 21 and 23, in her criminal case, which remains pending, thus she has no adequate remedy [10] at law.

if a judge takes away only one provision of a bill, presumably, at least one legislator would be upset. In fact, if this provision were excised prior to passage, the bill might not have had enough support to garner enough votes to pass. Therefore, if the courts sever only a portion of a bill, they may be subverting the legislative process and allowing legislation that might not have received enough votes to become law.

As the frequency of litigation increases, even with the short statute of limitations that is provided in § 516.500, RSMo 2000, there may come a time when this Court should reconsider whether the judicial doctrine of severance has served to support and protect the Missouri Constitution. Mo. Const. article III, section 15; Mo. Const. article VII, section 11; section 476.280, RSMo 2000.

10. *Ubi jus, ibi remedium:* Where there is a right, there is a remedy.